Pearson, J.
 

 If there is an intestacy, Mrs. Clapp took an interest transmissible to her personal representatives, and the plaintiff is entitled to recover. Otherwise he is not.
 

 It was agreed upon in the .argument, and is undoubtedly true, that as the widow died without marrying, the will must receive one of two constructions. Either there is an intestacy as to all of the property given to her, except the land, or the absolute estate in the personal property is given to her. So the only question is, which of these two is the true construction. In support of the intestacy, it was insisted, that the property is limited to the wife,
 
 “
 
 so long as she remains my widow,” which is at most a life estate, leaving a reversion that is not disposed of, except in the event of marriage; and the failure to make a disposition of it in the event of her death' without marrying, was
 
 casus omis-sus,
 
 in other words, it was forgotten.
 

 There arc several objections to this construction:
 

 1st Every testator is presumed to intend to dispose of all his estate, .so as not to dio intestate as to ,any part. This presumption is strengthened in the present case, by .the, fact, that the will professes on its face to dispose of all the testator’s worldly property.
 

 2d. The reversion, which it is alleged was forgotten, is not a small article, or trifling in value, such as is usually covered by a residuary clause, but is a valuable interest, constituting a large -part of the estate.
 

 
 *188
 
 3rd. In the event of her marriage, he gives his wife a part of the property absolutely, and a part for
 
 her life
 
 time, and makes a disposition of the reversion in this part and of the part which is taken from her. This shows that he knew how to give a life estate, and that after such life estate, there was a reversion to be disposed of. If he intended his wife to have only a life estate in the event of her remaining his widow, why did he not say so in so many words, and go on to make the same minute and detailed disposition as he does in the event of her marriage ? No answer can be given, except that he forgot it. For the reasons given above, the mind cannot rest satisfied with this answer and naturally seeks for some other solution. It was suggested by Mr. Winston, that the whole will is made consistent and intelligible by considering the words, “ so long as she remains my widow,” to have been used in the sense of a condition, so as to road, “if” she remain my widow, in opposition to “if she marry,” and he argued,.that although the words “so long as” and “during” are words of limitation and the worsts “ if ” g/nd “ provided ” are words of condition, yet the difference between a limitation and a condition is sometimes not readily distinguished, and that to suppose words of limitation were used, when it was intended to use words of condition, is not going as far as the Courts do in many cases, for instance, in making “ or ” mean “ and,” in order to carry out the intention, and make the will consistent and intelligible. The question is a perplexing one, but after much reflection, we have come to the conclusion, that it was the testator’s intention to give the absolute estate in the'personal property to his wife, in case she remained Ms widow. If the property had been limited to her for life, or for her life time, these words could not have been avoided, for they are the words that naturally suggest themselves, and are commonly used when the intention is to give a life estate. The fact, that he does not use these words, but goes out of the
 
 *189
 
 way to get words of less direct signification; that be makes no disposition of the reversion; that in the event of her marriage, he gives her a life estate in the part of the property which she is to lose by her marriage, and disposes of the reversion in the part which she is allowed to retain, except a small part which is given to her absolutely, show almost conclusively, that he did not intend to restrict her to a life estate if she remained his widow.
 

 This conclusion is confirmed, by the further fact, that he provides for all of his children, who are of age, and appear to be settled off, in the world, and also for a son who is under age, and for a child of which his wife was pregnant, and having thus particularly provided a sufficient livelihood for his children, it is highly probable that he should intend to give the rest of his property to his wife, provided she remained his widow; knowing that, in that event, she would give it to their children, as circumstances might afterwards require, or leave it at her death, to be divided among them, according to the Statute of Distributions, taking care to make other dispositions, in the event she disappointed his wishes, and married a second time.
 

 Should it be objected, that, if the words are so construed as to give the widow an absolute estate in the personal property, the same words must give her an absolute estate in the land also, the reply is: the reversion in the land is disposed of: one-half is given to Peter, when he arrives at age, and the reversion in the other half is given to him by implication, either at the death of his wife, if she remains a widow, or at her marriage; whereas, no disposition whatever is made of the reversion in the personal property, if she remains a widow. This difference justifies the distinction, which is made necessary to avoid an intestacy in regard to the personal property, and the fact, that he disposes of the reversion in the land, and does not dispose of the reversion in the personal property, shows, that he intended to
 
 *190
 
 give the latter absolutely, sot as to have no reversion, unless his wife married.
 

 Judgment f©r defendants.