MARGARET E. HARDY FINKE AND HUSBAND, ROBERT A. FINKE, AND J. A. JONES, TRUSTEE, v. FIRST-CITIZENS BANK AND TRUST COMPANY, EXECUTOR AND TRUSTEE; HARRY L. HARRIS AND WIFE, HAZEL HARDY HARRIS; R. H. HARDY AND WIFE, DOROTHY MURRILL HARDY; ELSIE HARDY THIEL AND HUSBAND, W. J. THIEL; LULÁ HARDY PRIVETTE AND HUSBAND, W. B. PRIVETTE; MARY HARDY SOUDERS AND HUSBAND, R. G. SOUDERS; E. A. HARDY AND WIFE, CARRIE RAY HARDY, AND MOLLIE ELIZABETH HARDY, WIDOW.

(Filed 21 May, 1958.)

**1. Wills § 31—**

In the construction of a will, the general pervading purpose of the testator as gathered from the instrument considered as a whole must be given effect, and minor inaccuracies or inconsistencies must be reconciled to the dominant purpose if possible by any reasonable construction and otherwise they must yield to the general purpose as expressed in the writing.

**2. Wills § 33d— Ultimate beneficiaries held not entitled to demand payment of corpus of trust during life of widow, since such payment would defeat dominant purpose of testator for her support.**

The will in suit devised testator's homeplace to his widow for life and provided that the residue of the estate be held in trust for the purpose of preserving a home for testator's wife and children during her life, with provision that the widow might change her residence at the expense of the trust if she should desire, that a proportionate part of the income from the trust be paid to the widow monthly, and that the rest of the income be paid to the children, with further provision that each child, upon arriving at the age of 25 years, upon demand, should be entitled to his proportionate part of the *corpus* of the estate. At the time of testator's death all of his children were 25 years of age or over. *Held:* The dominant purpose of testator was to provide for his widow during her lifetime, and since this purpose would be defeated if the entire *corpus* of the trust should be paid over to the children during the widow's life,

FINKE v. TRUST CO.

none of the children is entitled to the payment of his share of the *corpus* of the trust upon demand prior to the death of the widow.

HIGGINS, J., dissents.

APPEAL by plaintiff, Margaret E. Hardy Finke, from *Fountain, Special Judge,* at October Term, 1957, of GREENE.

Civil action involving construction of the last will and testament of Herman F. Hardy.

The plaintiff, Margaret E. Hardy Finke, is one of seven surviving children of the testator. She brings this action for the purpose of requiring the First-Citizens Bank and Trust Company, Trustee under the will, to set apart and convey to her a one-seventh part of the trust estate in accordance with Item II, Sec. 4 of the will.

Answers filed by the defendants point to inconsistent provisions appearing in the will and raise questions requiring interpretation by the court to determine the testator's intent.

The essential facts are set out in the judgment, which, in pertinent part, is as follows:

". . . and the plaintiffs and defendants, through their respective counsel, having agreed in open court to waive a jury trial and agreed that the Judge could find the facts, make its conclusions of law and render judgment thereon. No oral evidence was offered. The parties in open Court stipulated as follows:

"1. That Herman F. Hardy died on April 26, 1947, leaving a last will and testament which was duly admitted to probate on April 30, 1947, by the Clerk of the Superior Court of Greene County, North Carolina, which said will is as follows:

(Preliminary recitals omitted as not being pertinent.)

"ITEM I. I bequeath to my beloved wife, Mollie Elizabeth Hardy, to be hers absolutely, my household furniture and other tangible personal property used in connection with my residence at the time of my death, including pleasure automobiles and petty cash, but excepting stocks, bonds and other securities and choses in action, and also excepting agricultural implements.

"ITEM II. The rest, residue, and remainder of my estate, of every nature and wherever situated, I bequeath and devise to the First-Citizens Bank and Trust Company, Trustee, however, for the periods of time and for the purposes and uses hereinafter set forth as follows:

"1. To preserve my residence at the time of my death as a home for my wife and children during the lifetime of my wife;

out of the general funds of my estate to pay taxes, insurance premiums, repair bills, and other expenses necessary to keep the house and grounds in proper condition according to the judgment of my wife. If my wife shall desire to change her residence, then my trustee, at her written request, shall sell or lease the same in the way and on the terms that it shall deem best, and apply all or as much of the proceeds as shall be necessary to the purchase or lease of another residence, according to the wishes of my wife, adding any surplus resulting from such sale or lease to the general funds of my estate. After the death of my wife, this residence, or the one substituted therefor, shall be treated as part of my general estate.

"2. To hold, manage, exchange, convert, sell, convey, lease, improve, invest, reinvest and keep the residue of my estate invested in such stocks, bonds, or other securities or properties as shall from time to time be approved by the trustee.

"3. To pay over to my wife one-eighth (1/8) of the net income from my estate, in monthly installments as nearly equal as possible during her lifetime. After the death of my wife, to treat the part of the trust estate set aside for her benefit as a part of the residual estate hereinafter disposed of.

"4. The residue of my estate shall be held by my trustee herein named equally, for the benefit of all my children. Such of my children as have reached the age of twenty-five (25) years at the time of my death, if they so demand, shall be entitled to have paid over and conveyed to him or her, his or her proportionate part of my estate, both real and personal; and as my remaining children shall arrive at the age of twenty-five years, they shall likewise be entitled, if they shall so demand, to have their proportionate part of my estate, both real and personal, paid over and conveyed unto them by my said trustee.

"5. So long as any part of my estate, real or personal, is held in trust by my trustee herein named for the benefit of either of my children under this will, such child shall receive the net income paid to him or her only by said trustee.

"6. The share held in trust for any child of mine dying with issue or issues surviving shall be held for the benefit of such issue or issues; and as each of such issue or issues shall become of age, he or she shall receive a proportionate part of the share held for his or her parent; the share of a child dying without issue shall be merged with the shares of my other children.

"7. If at any time the income from this trust estate, together with their income from other sources, shall not be sufficient for the support of my wife, and for the support of my children, then I authorize my trustee to use enough of the principal for these purposes, to the end that this trust estate might be of the greatest good to my wife and children.

"8. I do hereby fully authorize and empower my trustee herein named, at any and all times during the continuance of this trust, in order to properly protect, operate, manage, finance, and refinance the trust estate in its hands, to borrow money and secure the same by deed of trust or mortgage, if necessary; to sell and convey by deed in fee simple, any part of the trust estate, either real or personal, in its hands, either publicly or privately, and to do any and all other.things necessary and proper to be done in its discretion for the best interest and protection of my said estate.

"ITEM III. I do hereby constitute and appoint the First-Citizens Bank and Trust Company my lawful executor, to all intents and purposes, to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made.

"IN WITNESS WHEREOF, I, the said Herman F. Hardy, do hereunto set my hand and seal, this the 20th day of January, 1942.

HERMAN F. HARDY      (SEAL)

(Attestation clause omitted as not being pertinent)"

"2. That the First-Citizens Bank and Trust Company, Executor and Trustee named in said will, duly qualified as Executor before the Clerk of Superior Court of Greene County, North Carolina, on April 30, 1947, and entered upon its duties as such Executor in which capacity it is now serving as Executor and Trustee under the terms of said will.

"3. That Mollie E. Hardy, widow of the testator, is now 73 years of age, and is now living in the home referred to in Item II, subsection 1 of the will of said testator which is being and has been maintained by the said First-Citizens Bank and Trust Company as Executor and Trustee out of the general funds of the estate of said testator as directed by said testator under the provisions of said item of said will.

"4. That said testator left surviving his widow and the following children, to wit: Hazel Hardy Harris; R. H. Hardy, Elsie Hardy

Thiel; Lula Hardy Privette; Mary Hardy Souders; E. A. Hardy and Margaret Hardy Finke; that all of said children are now living and their respective husbands and wives are parties to this action.

"5. That since the institution of this action the plaintiff Robert A. Finke, husband of the plaintiff Margaret E. Hardy Finke, has died, and the said plaintiff Margaret E. Hardy Finke is now unmarried and is now residing with her mother, Mollie Elizabeth Hardy, widow, in the homeplace or residence referred to in Item II, subsection 1 of the said last will and testament of H. F. Hardy, deceased.

"6. That the deed of trust referred to in article 18 of the plaintiffs' complaint from Margaret E. Hardy Finke and husband, Robert A. Finke, to J. A. Jones, Trustee, securing a note payable to First-Citizens Bank and Trust Company in the sum of $2,000.00, which constituted a lien on the interest of the said Margaret E. Hardy Finke on the lands described in article 16 of the plaintiffs' complaint has been paid and satisfied, and the said J. A. Jones, Trustee, is no longer a necessary or proper party to this action.

"7. That this action was brought by the plaintiff Margaret E. Hardy Finke for the purpose of having her interest in the estate of H. F. Hardy, deceased, set apart unto her, under the provisions of Item IV *(sic)* of said Will. That all the devisees under said will, except the said Margaret E. Hardy Finke, through their counsel announced in open court that it was their desire that all of said properties remain intact and in the hands of the First-Citizens Bank and Trust Company, Executor and Trustee, until the death of Mollie Elizabeth Hardy, widow of said testator, and that in their opinion such was the purpose and intent of said testator. That the First-Citizens Bank and Trust Company, Executor and Trustee under said will, in its answer herein filed and in open court requested that the Court interpret and construe the will of the said testator and direct it as Trustee as to its duties in regard thereto as trustee thereunder.

"8. That prior to the institution of this action an action was instituted before the Clerk of Superior Court of Greene County, under the provisions of G.S. 35-2 for the purpose of determining whether or not Margaret E. Hardy Finke was incompetent for want of understanding to manage her own affairs; that upon hearing before a jury it was found by the jury that the said Margaret E. Hardy Finke for want of understanding by reason of mental weakness and mental defect to be incompetent to manage her affairs and a judgment was entered on these findings of the jury to that effect, and Garland E. Waters was appointed trustee of the said Margaret E. Hardy Finke as provided by G.S. 35-2. That since said action another action has been instituted in the Superior Court of Greene County and it has been

found that the said Margaret E. Hardy Finke does now have sufficient mental capacity to handle her own affairs and is qualified to continue this action and that the said Margaret E. Hardy Finke is now *sui juris* and has adopted and ratified all former proceedings had by her herein.

"9. That on the date of the death of Herman F. Hardy, testator, all of the children of said testator were twenty-five years of age or more, and that all parties having any interest in the subject matter are properly before the Court and. bound by this decree.

"10. That the principal assets of said estate in the hands of the Executor and Trustee, consists of the real property described in article 16 of the plaintiffs' complaint (a farm containing 466.63 acres more or less) and farming implements and equipment used in connection with cultivation of crops grown upon the same.

"11. That it was stipulated and agreed by counsel for all parties that judgment herein by this Court could be rendered and signed out of term and out of this district.

"That upon the foregoing stipulations and upon a consideration of the Last Will and Testament of Herman F. Hardy, deceased, the Court finds and concludes that it was the intention of the testator that the trust estate established by his last will should remain intact and handled by the Trustee named in his will, during the life of Mollie Elizabeth Hardy, and that it was his intention that plaintiff not be permitted as a matter of right to require a conveyance to her of her interest in the estate, as provided in Item IV of said will, during the lifetime of her mother.

"IT IS NOW THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED, upon careful consideration of the said will as a whole, that it was the intention of Herman F. Hardy by his last will and testament herein set forth to devise and bequeath his property to the First-Citizens Bank and Trust Company as Trustee, to the end that the trust estate should be held and handled by the said Trustee during the life of Mollie Elizabeth Hardy, wife of said testator, and upon her death to be held or distributed as provided in said will among his living children or their issue surviving, as provided in Item II of said will. Said First-Citizens Bank and Trust Company is directed to continue to handle said property as Trustee, as provided by said will until the death of Mollie Elizabeth Hardy. IT IS FURTHER ORDERED AND ADJUDGED that the plaintiffs' prayer for relief be, and the same is hereby denied, and the costs of the action will be taxed against her."

From the judgment entered, the plaintiff appeals.

*Owens & Langley and Jones, Reed & Griffin for plaintiff, appellant.*
*Wallace & Wallace and William F. Simpson for defendant First-*
*Citizens Bank and Trust Company, appellee.*

JOHNSON, J. The trial court in construing the will concluded that
the testator's dominant intent was to care for his surviving widow,
Mollie Elizabeth Hardy, and that in order to carry out this intent
the trust estate must be held intact by the Trustee during the life of
the widow, notwithstanding the inconsistent provisions appearing in
Item II, Sec. 4, of the will, to the effect that as and when a child
arrives at the age of twenty-five, he or she shall then be entitled to
a one-seventh part of the corpus of the trust estate. The ruling of the
court below is supported in principle by numerous authoritative de-
cisions of this Court.

In *Alexander v. Summey,* 66 N.C. 577, 582, it is said: "The general
and leading intention of the testator must prevail where it can be col-
lected from the will itself; and particular rules of construction must
yield something of their rigidity if necessary to effect this purpose."

In *Holman v. Price,* 84 N.C. 86, 88, Smith, C. J., speaking for the
Court, said: "A leading principle in the interpretation of wills is to
ascertain and recognize the general pervading purpose of the testator,
and to subordinate thereto any inconsistent special provisions found
in it."

In *Hunt v. Jones,* 173 N.C. 550, 92 S.E. 601, it was held, notwith-
standing a conflict of language, that the will, when construed as a
whole, disclosed a dominant intent on the part of the testator to divide
his estate equally among his children. The Court said: "It is also a
rule of construction that the dominant idea pervading the whole will
must control, and that minor considerations must yield if in conflict
with it; and it may well be said of the will before us, as was said in
*Lassiter v. Wood,* 63 N.C. 363: 'It is apparent that the leading pur-
pose of the testator was to make all his children equal. The purpose
of the testator, as gathered from the will, is always to be carried out
by the court, and minor considerations, when they come in the way,
must yield. Especially is this so when the purpose is in consonance
with justice and natural affection.' "

In *Raines v. Osborne,* 184 N.C. 599, 601, 114 S.E. 849, 850, it is said:
"In the construction of a will, the predominant and controlling pur-
pose of the testator must prevail when ascertained from the general
provisions of the will over particular and apparently inconsistent ex-
pressions to which, unexplained, a technical force is given."

In *Cannon v. Cannon,* 225 N.C. 611, 619, 36 S.E. 2d 17, Stacy, C. J.,
speaking for the Court, said: "The central consideration is the general

purpose of the will. *Holland v. Smith,* 224 N.C. 255, 29 S.E. (2d) 888. The object of all construction is to arrive at the intent and purpose as expressed in the writing, looking at the instrument from its four corners, and to effectuate this intent and purpose without excessive regard for minor inaccuracies or inconsistencies. *Krites v. Plott,* *supra* (222 N.C. 679). These latter variations are to be reconciled, if reasonably accomplishable within the limits which the law prescribes, otherwise they must yield to the general purpose as expressed in the writing. *Carroll v. Herring,* 180 N.C., 369, 104 S.E., 892."

See also *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356; *Hubbard v. Wiggins,* 240 N.C. 197, 81 S.E. 2d 630; 37 Am. Jur., Wills, Sec. 1137; *Coffield v. Peele,* 246 N.C. 661, 100 S.E. 2d 45.

Here it is noteworthy that at the time of the death of the testator all his children were twenty-five years of age or over. Yet he left his will unchanged, with various provisions indicating a dominant intent that his widow should be cared for during her life out of the trust estate created by the will. Item II, Sec. 1, provides that the Trustee out of the trust funds shall preserve and maintain the residence for the widow during her life. This item also provides that the widow may change her residence at the expense of the trust if she so desires. Section 3 of the same item provides that the Trustee shall pay one-eighth of the net income of the trust to the widow in monthly installments for life. Also, by section 7 of this item the Trustee is given power to draw upon the corpus of the trust for the support of the widow if the income is not sufficient for that purpose.

If the plaintiff is entitled to receive her share of the corpus during the life of her mother, then the other six children are entitled to the same treatment, and if all the children should demand their shares, the trust estate would be wiped out. Nothing would remain with which to maintain the residence for the widow or provide for her upkeep and support. In short, to parcel out the corpus of the trust estate under the construction urged by the plaintiff would destroy the trust and render inoperative sections 1, 3, and 7 of Item II. On the other hand, the trial court's construction of the will does not destroy or make inapplicable any item of the will. The children will get their shares of the trust property under the provisions of Item II, Sec. 4. The time of enjoyment is merely delayed until the death of the widow. Manifestly, this construction comports with the dominant intent of the testator as expressed in the will.

The judgment below is
Affirmed.

HIGGINS, J., dissents.