W. C. WORSLEY, JR., EXECUTOR UNDER THE WILL OF WALTER CECIL
WORSLEY, SR. v. PEARL S. WORSLEY, W. C. WORSLEY, JR., DAVID
R. WORSLEY, GEORGE K. WORSLEY, DONALD A. WORSLEY, AND
ERIS WORSLEY BURKS.

(Filed 9 October 1963.)

**1. Wills § 33—**

As a general rule, where there is a devise of realty in fee or a bequest
of personalty unconditionally, a subsequent clause in the will expressing
a wish, desire, or direction, for the disposition of the property after the
death of the devisee or legatee will not limit the devise or bequest to a
life estate, the statutory presumption being applicable to both personal
and real property. G.S. 31-38.

**2. Wills § 27—**

The intent of a testator is to be ascertained, if possible, from a con-
sideration of his will from its four corners, and such intent should be
given effect unless contrary to some rule of law or at variance with public
policy.

**3. Same—**

In construing a will every word and clause will be given effect if
possible, and apparent conflicts reconciled, and irreconcilable repugnan-
cies resolved by giving effect to the general prevailing purpose of testator.

**4. Wills § 33—    Under language of this will right of legatee to use or
dispose of personalty was limited to her lifetime.**

After devising his wife a life estate in his realty with remainder over
to his children, testator bequeathed his wife "all or so much of my per-
sonal property * * * as she may desire to have and use or dispose of dur-
ing her lifetime." The will further provided that all personalty not sold
or disposed of during the wife's life should be divided equally among
testator's children. *Held:* The statutory presumption of an absolute gift
of the personalty is negatived by the express words of the testator limit-
ing the use and disposition of the personalty by the wife to her lifetime,
and such construction is necessary to give any effect to the subsequent
language of the will disposing of such personalty after the wife's death.

APPEAL by defendants from *Mintz, J.*, April Civil Session 1963 of
DUPLIN.

This is an action for a declaratory judgment, pursuant to the pro-
vision of Chapter I, Article 26, of the General Statutes of North
Carolina, for the construction of certain provisions in the last will
and testament of Walter Cecil Worsley, Sr.

The testator, late of Duplin County, died on 6 April 1960, leaving
a last will and testament which has been duly probated and recorded
in the office of the Clerk of the Superior Court in said county.

The plaintiff is the duly qualified and acting executor of the estate of said testator.

The sole devisees and legatees in said will are the widow and children of the marriage, all of whom are parties to this action. Each of said parties is over 21 years of age and *sui juris*.

The pertinent parts of the will of the testator are as follows:

"2.    I give and devise to my wife, Pearl S. Worsley, for and during the term of her natural life, all of my land and real estate, wherever located, together with all the rents, profits and income therefrom, during her life.

"3.    I also give and bequeath to my wife, Pearl S. Worsley, all or so much of my personal property, of whatever consisting and wherever located, as she may desire to have and to use or dispose of during her lifetime. She is also to have the rents and income accruing from said personal property during her life, excepting only the rents and income from such of said property as shall have been sold or otherwise disposed of by her. All personal property not sold or disposed of under this item of this will shall be divided among my children, residuary legatees, as hereinafter specified.

"4.    Subject to the life estate devised to my wife, Pearl S. Worsley, in item two hereof, I hereby give and devise all the lands and real estate owned by me at the time of my death to my children, namely: Mrs. Eris Burks, W. C. Worsley, Jr., Donald A. Worsley, George K. Worsley and David R. Worsley, share-and-share alike, in fee simple forever.

"5.    Subject to the bequest to my wife, Pearl S. Worsley, in item three of this will, I give and bequeath to my children, Mrs. Eris Burks, W. C. Woorsley, Jr., Donald A. Worsley, George K. Worsley and David R. Worsley, all the residue of my personal property, share-and-share alike forever."

It was agreed by all the parties that the trial judge might hear the matter, without a jury, find the facts and render judgment thereon, and that judgment might be signed out of court and out of session.

Upon the findings of fact, the court held that "Pearl S. Worsley is the absolute owner of the entire personal estate owned by W. C. Worsley, Sr., at the time of his death and has the unrestricted power, including the testamentary power, to dispose of said personal property in any manner and for any purpose whatsoever."

The defendants appeal, assigning error.

*Smith, Leach, Anderson & Dorsett for plaintiff appellee.*

*Robert L. Farmer for defendant appellants.*

DENNY, C.J. The sole question for determination on this appeal is whether Pearl S. Worsley became the absolute owner of the personal estate of the testator, or did she take a life estate only, with the power of disposition under the provisions contained in Item 3 of said will.

It is provided in G.S. 31-38 as follows: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

The provisions of the above statute have been held to apply to the disposition by will of both personal and real property. *Heefner v. Thornton,* 216 N.C. 702, 6 S.E. 2d 506.

In *Barco v. Owens,* 212 N.C. 30, 192 S.E. 862, Stacy, C.J., speaking for the Court, said: "The general rule is, that where real estate is devised in fee, or personalty bequeathed unconditionally, a subsequent clause in the will expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit it to a life estate. (Citations omitted)"

In the last cited case, the testator bequeathed and devised to his wife, Annie W. Owens, certain real property, "together with all of my personal property of whatever kind and description, and wherever located, including all stocks, bonds, insurance, money, notes, or other choses in action, in fee simple forever with the conditions hereinafter stipulated."

In a subsequent item of the will, the testator expressed his wishes with respect to the disposition of the property he left her which might be in her possession at the time of her death. The wife did not carry out the expressed desires with respect to the disposition of the property devised and bequeathed to her. This Court held the widow of the testator acquired an absolute fee simple title in the real and personal property devised and bequeathed to her and the manner in which she disposed of the property in her will was upheld.

On the other hand, in the case of *Roberts v. Saunders,* 192 N.C. 191, 134 S.E. 451, the testator gave to his wife, Martha Roberts, all his estate, real and personal, except certain land which he devised to his daughter. A later item in the will read as follows: "All the rest of my property I give to my wife as above stated, during her widowhood; if she should marry, she would be entitled to a dower on the estate in form according to the laws of North Carolina."

Brogden, J., speaking for the Court, said: "While the second paragraph of the will gives an estate in fee simple, by statutory presumption, it will be observed that the testator does not actually state in express language that the property is given to his wife in fee simple. In the third paragraph of the will the testator says: 'I give to my wife as above stated, during her widowhood.' Hence the words 'as above stated' refer to the nature of the estate the testator intended to devise as distinguished from the statutory presumption. Then, too, the fact that the estate was reduced from a life estate to a dower interest, in the event of remarriage, is a manifest indication of the testator's purpose to devise his wife an estate of less dignity than a fee simple."

In the instant case, in Item 3 of the will, the testator gives to his wife, Pearl S. Worsley (who is the mother of the testator's five children named in Items 4 and 5 of the will, each of whom is over 21 years of age), "all or so much of my personal property * * * *as she may desire to have and to use or dispose of during her lifetime.*"

In this same item of the will, the testator, in clear and express language, reveals his intent to the effect that his personal property not sold or disposed of under this item of the will "shall be divided among my children, residuary legatees, as hereinafter specified."

As indicated in Item 3 of the will, the testator, subject to the bequest to his wife, in Item 5 bequeathed to his five children, by name, "all the residue of my personal property, share-and-share alike forever."

In the case of *Jordan v. Sigmon*, 194 N.C. 707, 140 S.E. 620, M. D. Sigmon bequeathed to his wife, Fannie Sigmon, all of his personal property of every kind, "including money, bank deposits, notes and other solvent credits, for the term of her natural life, with the privilege to use for her support, comfort and enjoyment any part thereof and in any way that she may desire. I also give and devise to my said wife the tract of land on which I now reside, containing 94 acres, more or less, for the term of her natural life, and at her death said lands shall go to my heirs at law as the statute provides." On appeal, there was no controversy over the real estate.

M. D. Sigmon died 8 January 1925, and his wife died, intestate, on 14 May 1925. There being no children born of this union and no issue surviving either, the next of kin of M. D. Sigmon, the appellants, claimed all the personal property owned by him at his death which was not used or consumed by his wife during the short interval of time she survived him

This Court said: "It will be observed that there is no residuary clause in the will and no limitation over so far as the personal property is concerned. Under these conditions, a gift of personal property for life to the primary object of testator's bounty, with power to use 'in any way that she may desire' is generally construed to be an absolute gift of the property. *Holt v. Holt,* 114 N.C. 242, 18 S.E. 967; *McMichael v. Hunt,* 83 N.C. 344; *Foust v. Ireland,* 46 N.C. 184. Especially is this true where the property, by reason of its amount and kind, may reasonably be expected to be consumed during the life of the donee, or within a short time after the death of the testator."

The original record in this case discloses that the personal property bequeathed to Fannie Sigmon by her husband, M. D. Sigmon, had a value of only $1,200.00.

The factual situation in the instant case is quite different. The will of Walter Cecil Worsley, Sr., contains residuary clauses with respect to both real and personal property. Moreover, his widow, Pearl S. Worsley, is devised a life estate in real property valued at $189,986.04, together with the income therefrom during her life. The personal property bequeathed in Item 3 of the will consists of corporate bonds or stock valued at $104,278.68, proceeds from insurance in the sum of $5,000, and other personal property valued at $68,354.64, the total value of personal property bequeathed being $177,633.32. The total value of the testator's estate is valued at $367,619.36.

The intent of a testator is to be ascertained, if possible, from a consideration of his will from its four corners, and such intent should be given effect unless contrary to some rule of law or at variance with public policy. *Morris v. Morris,* 246 N.C. 314, 98 S.E. 2d 298; *Mewborn v. Mewborn,* 239 N.C. 284, 79 S.E. 2d 398; *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17.

"In construing a will every word and clause will be given effect if possible, and apparent conflicts reconciled, and irreconcilable repugnancies resolved by giving effect to the general prevailing purpose of testator." *Andrews v. Andrews,* 253 N.C. 139, 116 S.E. 2d 436.

In our opinion, when the will of the testator is considered from its four corners, the expressed intent of the testator negatives the statutory presumption that he gave his personal estate unconditionally to his wife. *Hampton v. West,* 212 N.C. 315, 193 S.E. 290. Therefore, we hold that it was the intent of the testator to give his wife a life estate in his personal property, with the power of disposition during her lifetime.

The conclusion we have reached will not jeopardize the right of the widow, Pearl S. Worsley, to have so much of the bequeathed personal property "as she may desire to have and to use or dispose of during her lifetime." It will, however, give effect to the residuary clauses in both Items 3 and 5 of the will with respect to the disposition of all personal property bequeathed but not consumed or disposed of by the testator's widow during her lifetime.

The judgment of the court below is

Reversed.