CLARENCE W. VICK v. JAMES W. VICK, JR., CLARENCE WHITE VICK, JR., CURTIS RAY VICK, KATHY LOUISE VICK THROUGH HER GUARDIAN AD LITEM, T. PERRY JENKINS, UNBORN HEIRS OF CLARENCE W. VICK, THROUGH THEIR GUARDIAN AD LITEM, T. PERRY JENKINS

No. 33

(Filed 17 May 1979)

Wills § 34.1— devise to life tenants—remainders to children of life tenants—property of life tenant dying without children

Where testatrix's will devised property to three named persons for life with the remainder of each life tenant's share to go to his or her children, and further provided that, in the event of the death of any life tenant without leaving a child or children, the share of realty devised "to him or her shall go and vest in the survivor or survivors for his, her or their lifetime, and after his or her death, then to his, her or their children," a male life tenant died in 1976 survived by one child, and the female life tenant died in 1977 without child or children, it was *held* that at the death of the female life tenant without child or children, her one-third interest passed to the surviving male life tenant for his life, and that at his death the one-third interest which he received through the female life tenant will pass only to his children and not also to the child of the male life tenant who predeceased the female life tenant.

ON discretionary review of an unpublished decision of the Court of Appeals, reported at 38 N.C. App. 629, 248 S.E. 2d 473 (1978), reversing the judgment by *Clark, Judge,* entered 19 November 1977 in Superior Court, EDGECOMBE County.

Kate Tickle died 19 August 1952 leaving a will, the pertinent provisions of which are as follows:

"Third: I give and devise all of my real property to the said James Walter Vick, Sallie Grimes Vick and Clarence White Vick, share and share alike, for and during the term of their natural lives, and after their respective deaths to their children, per stirpes.

Vick v. Vick

Fourth: In the event of the death of the said James Walter Vick, Sallie Grimes Vick or Clarence White Vick without leaving child or children, then the share of my personal property herein bequeathed to him or her shall go and vest in the survivor or survivors, absolutely, and the share of my real property herein devised to him or her shall go and vest in the survivor or survivors for his, her or their lifetime, and after his or her death, then to his, her or their children."

James Walter Vick died 4 June 1976, survived by one child, James Walter Vick, Jr.

Sallie Grimes Vick died in 1977 without child or children surviving her.

Clarence White Vick is still living. He has three children, Clarence White Vick, Jr., Curtis Ray Vick, and Kathy Louise Vick.

This is a declaratory judgment action to construe the above provisions of the will of Kate Tickle.

The trial court concluded that James Walter Vick, Jr. was the owner of a one-third (1/3) undivided interest in fee simple in the real property devised under the will of Kate Tickle, that Clarence White Vick owned a life estate in a two-third (2/3) undivided interest in the realty, including the one-third (1/3) interest that passed to him at the death of Sallie Grimes Vick and that at the death of Clarence W. Vick, the one-third (1/3) interest which had been owned by Sallie Grimes Vick shall be divided between Clarence W. Vick's children and James W. Vick's children per stirpes.

The Court of Appeals reversed, holding that at the death of Sallie Grimes Vick, her one-third (1/3) interest passed to Clarence W. Vick for life, James W. Vick having predeceased her. At the death of Clarence W. Vick, the one-third (1/3) interest which he received through Sallie Grimes Vick will pass to his children.

Upon the petition of James Walter Vick, Jr. we granted discretionary review.

*Bridgers & Horton, by H. Vinson Bridgers and Edward B. Simmons, for petitioner, James Walter Vick, Jr.*

*Hopkins & Allen, by Herbert Frank Allen, and T. Perry Jenkins, Guardian ad litem for the respondents.*

BROCK, Justice.

We affirm the construction of the will as given by the Court of Appeals.

It is elementary that the intent of the testator is his will, and such intent as gathered from its four corners must be given effect unless it is contrary to some rule of law or is in conflict with public policy. *Kale v. Forrest*, 278 N.C. 1, 178 S.E. 2d 622 (1971).

This controversy focuses upon the proper interpretations of the Third and Fourth paragraphs of the will of Kate Tickle.

The third paragraph of the will creates a remainder after James Walter Vick's life estate in one-third of the realty in his children, a remainder after Sallie Grimes Vick's life estate in one-third of the realty in her children, and a remainder after Clarence White Vick's life estate in one-third of the realty in his children. These remainder interests vested in their children, who were alive at the death of the testator, subject to open up and admit afterborn child or children. The remainders in the child or children of those life tenants with no child or children at the death of the testator were, however, contingent remainders, which would vest, if at all, only upon the birth of such child or children.

James Walter Vick died 4 June 1976 survived by James Walter Vick, Jr. Under the terms of the Third paragraph, upon the death of James Walter Vick the interest in the remainder after the life estate of James Walter Vick in one-third of the realty of Kate Tickle vested in possession in his child, James Walter Vick, Jr.

Sallie Grimes Vick died in 1977. Not having had child or children, the contingent remainder created in such child or children by the Third paragraph of the will failed, and the entire one-third interest in the realty passed by operation of the Fourth paragraph to Clarence W. Vick for life, he being the sole survivor at that time of the three original life tenants.

Clarence W. Vick is alive and at this time has three children. Upon the death of Clarence W. Vick the interest in the remainder after the life estate of Clarence W. Vick in one-third of the realty of Kate Tickle as originally devised to him will, under

the terms of the Third paragraph, vest in possession in the children of Clarence W. Vick, share and share alike.

There seems to be no controversy, and correctly so, over the above three interpretations of the will. The controversy centers upon the devolution of the remainder interest after the life estate in one-third of the realty of Kate Tickle which vested in Clarence W. Vick for life by reason of his having survived Sallie Grimes Vick who died without child or children.

It is the contention of James Walter Vick, Jr. that upon the death of Sallie Grimes Vick, without child or children surviving, he (James Walter Vick, Jr.) became the vested remainderman of a one-half undivided interest in the one-third interest originally devised to Sallie Grimes Vick for life, and that upon the death of Clarence W. Vick, the remainder interest in the said one-half undivided interest will vest in possession in him (James Walter Vick, Jr.); and that the remainder interest in the other one-half undivided interest in the one-third interest originally devised to Sallie Grimes Vick for life will vest in possession in the children of Clarence W. Vick, share and share alike.

On the contrary, it is the contention of the children of Clarence W. Vick that upon the death of Sallie Grimes Vick, without child or children, and Clarence W. Vick having survived Sallie Grimes Vick, they (the children of Clarence W. Vick) became the vested remaindermen (with the remainder subject to open up and admit an additional child or children of Clarence W. Vick) of the entire one-third interest originally devised to Sallie Grimes Vick for life; and that upon the death of Clarence W. Vick the interest in the remainder after the life estate of Clarence W. Vick in the one-third interest originally devised to Sallie Grimes Vick for life will vest in possession in the children of Clarence W. Vick, share and share alike.

The Fourth paragraph of the will first provides that upon the death of an original life tenant without leaving child or children, the contingent remainder in such child or children having failed, the entire one-third interest passes for life to the survivor or survivors of the original life tenants. It further provides that upon the death of such survivor or survivors, the remainder interest in the realty passing by operation of the First provision is to go to "his, her or their children." The quoted phrase of the Fourth

paragraph clearly refers only to the children of a surviving life tenant or tenants. Under this provision of the Fourth paragraph, the children of Clarence White Vick, the sole survivor of the original life tenants, became the vested remaindermen (with the remainder subject to open up and admit an additional child or children of Clarence W. Vick) of the entire one-third interest originally devised to Sallie Grimes Vick for life with a remainder in her children. The child of James Walter Vick, takes no interest because James Walter Vick predeceased Sallie Grimes Vick, and therefore acquired no interest in Sallie Grimes Vick's one-third life interest in the realty with a contingent remainder in her child or children.

The provision of the will of Kate Tickle now under consideration is similar to the provision of the will of William W. Freshwater involved in *Skinner v. Lamb*, 25 N.C. 155 (1842). The provisions of the Will of Freshwater are reported and construed in that opinion as follows:

" 'The balance of my estate to be equally divided between my wife and children.' The testator at his death had three children — daughters, Matilda, Orange and Elizabeth. In another clause of the will the testator said, 'My wish and desire is, should either of my children die, without leaving an heir begotten by their body or bodies, that the survivor or survivors have the whole . . . .' Matilda married and then died, leaving an only child, which is still alive. Elizabeth married Henry W. Skinner, and they are the plaintiffs. Orange died without issue, and after the death of her sister Matilda." The Court in *Skinner* held: "The three original legacies were vested, on the death of the testator, subject each to be divested, and go over to the survivor or survivors, on the death of either legatee without issue. In this case, Elizabeth is the only *survivor*, and must take the entire legacy that had been assigned to Orange, who died without issue. The Court regrets that the child of Matilda is excluded, but we can only construe wills, and are not authorized to alter or make them." For similar holdings see *Threadgill v. Ingram*, 23 N.C. 577 (1841); *Gregory v. Beasley*, 36 N.C. 25 (1840).

The following language supportive of our interpretation of the will of Kate Tickle is found in Jarman on Wills (8th ed. 1951), Ch. 1.111, p. 1963:

"It may now be taken as settled that where the gift is to A, B, and C equally for their respective lives and after the death of any of his children, but if any die without children to the survivors for life with remainder to their children, only children of survivors can take under the gift over."

The Court of Appeals held, as do we, that the construction advanced by the children of Clarence W. Vick is correct.

The language of the Fourth paragraph of the will of Kate Tickle dictates the result as contended for by the children of Clarence W. Vick. When the controverted language of the Fourth paragraph is read in the light of the chronology of events leading up to the present it should be read as follows:

. . . the share of my real property herein devised to Sallie shall go and vest in Clarence for his lifetime, and after his death, then to his children.

Affirmed.