RUBY P. ADCOCK AND HUSBAND, HENRY CARLTON ADCOCK; ELSIE CHRISTINE P. HANAVAN AND HUSBAND, JOHN F. HANAVAN; ANNIE BELLE C. PERRY, WIDOW; NANCY P. JACOBS AND HUSBAND, CLAUDE JACOBS, JR.; AND JOHN THOMAS PERRY, DIVORCED, PETITIONERS v. JAMES T. PERRY AND WIFE, HATTIE MAE H. PERRY; WILLIAM LYON WHITFIELD AND WIFE, BEATRICE B. WHITFIELD; ZACK P. WHITFIELD, UNMARRIED; DONALD WAYNE WHITFIELD AND WIFE, JOHNNIE T. WHITFIELD; AND JEAN H. BARBEE AND HUSBAND, HOWARD J. BARBEE, RESPONDENTS

No. 809SC800

(Filed 7 July 1981)

**Wills § 28.5— wife's interest under will—intention of testator**

The trial court properly concluded as a matter of law that the intention of the testator, as gathered from a review of the entire will, was to make an absolute devise of all his property, real and personal, to his wife, and language in the will that the wife should sell or mortgage any of the property in order to provide for her own personal expenses but should not sell or dispose of any property for the purpose of benefiting her children or members of her family was precatory and did not limit the absolute devise to the wife in any manner; furthermore, language in the will by which testator attempted to give a re-

mainder interest to his children in the property which he had previously devised and bequeathed absolutely to his wife was void because it was repugnant to the absolute devise.

APPEAL by respondents, James T. Perry and wife, Hattie Mae H. Perry, from *Farmer, Judge.* Judgment entered 19 May 1980 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 11 March 1981.

This appeal arose from a special proceeding for the partition of land. In a petition filed 13 March 1979 with the Clerk of Superior Court of Granville County petitioners averred that they and respondents were the owners as tenants in common of two parcels of land, particularly described therein, situate in Dutchville Township, Granville County.

Petitioners and respondents allegedly acquired their interest in these lands as heirs of the late W. T. Perry who died testate on 24 May 1946. W. T. Perry disposed of his property in his last will and testament, on record in Will Book 30, at page 79, in the office of the Clerk of Superior Court of Granville County, as follows:

I, W. T. Perry, of the County and State aforesaid, being of sound and disposing mind and memory, do make, publish and declare this my last will and testament in words and figures as follows, to-wit:

### Item 1

I direct my executrix, hereinafter named, to pay my funeral expenses, my debts and the costs and charges of administering and settling my estate from and out of the first money coming into her hands belonging to my said estate, and should it be necessary for my executrix to raise any money for said purposes by a sale of any part or all of my personal property I hereby authorize and empower my said executrix to make either public or private sale, as she may deem best, of any part or all of my said personal property.

### Item 2

All of the balance and residue of my property, real and personal which I may own at the time of my death, I give, bequeath and devise unto my beloved wife, Annie Perry, and I

do hereby give, grant and extend to the said Annie Perry the right to sell or mortgage any part of the real and personal property hereby devised and bequeathed to her in order to provide funds with which to defray her own necessary personal expenses, but she is not given the power to sell, dispose of or mortgage any part of said property for the purpose of aiding or assisting any of her children or any of the members of her family.

## Item 3

After the death of my said wife, I give, bequeath and devise all of my property remaining to my four children, share and share alike, provided that Graham Perry, one of my children, between now and the date of my death conveys to me that tract of land in Dutchville Township, Granville County, containing 16 acres, more or less, conveyed to the said Graham Perry by L. C. Sadler and others by deed of record in the office of the Register of Deeds of Granville County in Book 89, at page 429, and should the said Graham Perry fail, and, or refuse to convey said tract of land to me before my death, then the said Graham Perry is to receive no part or share in my estate, and the share or part, to which he otherwise would be entitled to receive or take hereunder, is given and devised to my other three children, share and share alike.

## Item 4

The children hereinabove in item three referred to shall include and apply to the child or children of any of my own children that may be dead at the time of my death, and my grand-children shall have and receive the shares to which the parent or parents of such grand-children would be entitled, if living.

## Item 5

I hereby nominate, constitute and appoint my said wife, Annie Perry, executrix of this my last will and testament, and I hereby direct that she be permitted to qualify and to enter upon and to discharge the duties hereby imposed upon her without being required to give bond.

In testimony whereof, I have hereunto subscribed my name and affixed my seal, this the 26 day of May, 1945.

Petitioners and respondents are the remaindermen or the heirs of deceased remaindermen after the life of Annie Perry. Petitioners interpret the testator's will as a devise of a life estate in the two parcels of land to be partitioned to his wife, Annie S. Perry, with a vested remainder in his four children. Annie S. Perry died on 15 February 1979, and, if petitioners are correct, they and respondents own the property as tenants in common. Petitioners requested the court to appoint commissioners to sell the two parcels of land because the land itself could not be equitably partitioned among the petitioners and respondents.

Respondents, William Lyon Whitfield and wife, Beatrice B. Whitfield; Zack P. Whitfield; and Donald Wayne Whitfield and wife, Johnnie T. Whitfield, filed their answer to the petition on 30 March 1979. In their answer they denied most of the allegations of the petition. They averred that W. T. Perry had in fact in his will devised a fee simple absolute in the two tracts of land to his wife Annie S. Perry.

By the terms of her will, Annie S. Perry devised the two tracts of land in fee to her daughter, Sudie P. Whitfield, and her daughter's husband, R. L. Whitfield. Sudie P. Whitfield and R. L. Whitfield both predeceased Annie Perry. The Whitfields were survived by three children, respondents William Lyon Whitfield, Zack P. Whitfield, and Donald Wayne Whitfield. The Whitfields averred that by virtue of the anti-lapse statute, G.S. 31-42, a fee simple title to the two parcels of property vested in them to the exclusion of the other petitioners and respondents.

After hearing, the court entered its judgment in which it made findings of fact and concluded as a matter of law that the language of W. T. Perry's will devised a fee simple title to the realty owned by the testator to his wife, Annie S. Perry, and that William Lyon Whitfield, Zack P. Whitfield and Donald Wayne Whitfield, the surviving heirs of Sudie P. Whitfield and her husband, R. L. Whitfield, devisees under the will of Annie S. Perry, each owned an one-third undivided interest in the property that was the subject of the special proceeding. Any claims of the remaining petitioners and respondents by virtue of their being heirs of W. T. Perry were barred, and the action was dismissed.

Respondents James T. Perry and wife, Hattie Mae H. Perry gave notice of appeal from the court's judgment.

*Currin and Currin, by Hugh M. Currin and Hugh M. Currin, Jr., for petitioner appellants Ruby P. Adcock and husband, Henry Carlton Adcock, and Elsie Christine P. Hanavan and husband, John F. Hanavan.*

*Royster, Royster and Cross, by E. E. Royster, for petitioner appellants Annie Belle C. Perry, widow, Nancy P. Jacobs and husband, Claude Jacobs, Jr., and John Thomas Perry, divorced.*

*R. Gene Edmundson for respondent appellants, James T. Perry and wife, Hattie Mae H. Perry.*

*Watkins, Finch and Hooper, by Thomas L. Currin, for respondent appellees.*

MORRIS, Chief Judge.

Initially, we are concerned with appellants' disregard of the Appellant Rules of Procedure. Rule 10(b)(2), N.C. Rules of Appellate Procedure, requires an appellant to set out a separate exception to the making or omission of each finding of fact or conclusion of law which is to be assigned as error.

Rule 28(b)(3), N. C. Rules of Appellate Procedure, provides:

Immediately following each question [in the appellate brief] shall be a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the pages of the printed record on appeal at which they appear. Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

Neither of these rules has received appellant's attention. Were it not for the fact that the litigation involves title to real property, we would decline to consider the appeal. However, in consideration of the nature of the case and the substantial property rights affected by the judgment, we will treat this appeal as a petition for a writ of certiorari, allow it, and, in this instance, consider appellants' arguments.

The parties to this proceeding stipulated prior to trial,

Adcock v. Perry

That the only issue for determination by the Court in this matter was whether or not [sic] Annie S. Perry was devised fee simple title to the real property which is the subject of this proceeding under and by virtue of the provisions of the Last Will and Testament of W. T. Perry, deceased.

Appellants contend that under a correct interpretation of W. T. Perry's will Annie S. Perry became seized of a life interest in her husband's estate with a limited power of disposition to deplete the assets only as needed for her own personal expenses. At Annie S. Perry's death remainder of the property was to pass to W. T. Perry's four children, "share and share alike."

The cardinal principle to be followed when construing a will is to give effect to the general intent of the testator as that intent appears from a consideration of the entire instrument. *Peele v. Finch*, 284 N.C. 375, 200 S.E. 2d 635 (1973); *Wilson v. Church*, 284 N.C. 284, 200 S.E. 2d 769 (1973); *Y.W.C.A. v. Morgan, Attorney General*, 281 N.C. 485, 189 S.E. 2d 169 (1972); *Kale v. Forrest*, 278 N.C. 1, 178 S.E. 2d 622 (1971); *Olive v. Biggs*, 276 N.C. 445, 173 S.E. 2d 301 (1970). The intent of the testator must be ascertained from a consideration of the will as a whole and not merely from consideration of specific items or phrases of the will in isolation. *Joyner v. Duncan*, 299 N.C. 565, 264 S.E. 2d 76 (1980); *Vick v. Vick*, 297 N.C. 280, 254 S.E. 2d 576 (1979); *Clark v. Conner*, 253 N.C. 515, 117 S.E. 2d 465 (1960); *Morris v. Morris*, 246 N.C. 314, 98 S.E. 2d 298 (1957); *McWhirter v. Downs*, 8 N.C. App. 50, 173 S.E. 2d 587 (1970). Because the intent and purpose of no two testators can be exactly the same, each will must be separately construed to effect the intent of the particular testator. *Roberts v. Bank*, 271 N.C. 292, 156 S.E. 2d 229 (1967); *Morris v. Morris, supra.*

In construing a will every word and clause should be given effect when possible. Apparent conflicts in the words or terms of the will must be reconciled, and irreconcilable repugnancies must be resolved by giving effect to the general prevailing intent of the testator, with greater regard to be given to the dominant purpose of the testator than to the use of any particular words. *Joyner v. Duncan, supra; Mansour v. Rabil*, 277 N.C. 364, 177 S.E. 2d 849 (1970); *Quickel v. Quickel*, 261 N.C. 696, 136 S.E. 2d 52 (1964); *Worsley v. Worsley*, 260 N.C. 259, 132 S.E. 2d 579 (1963);

*Andrews v. Graham,* 255 N.C. 267, 120 S.E. 2d 734 (1961); *Andrews v. Andrews,* 253 N.C. 139, 116 S.E. 2d 436 (1960); *Finke v. Trust Co.,* 248 N.C. 370, 103 S.E. 2d 466 (1958); *Hubbard v. Wiggins,* 240 N.C. 197, 81 S.E. 2d 630 (1954); *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777 (1951); *Doub v. Harper,* 234 N.C. 14, 65 S.E. 2d 309 (1951). The inconsistent provisions of the testator's will will be subordinated to the testator's prevailing purpose.

In the case before us the trial court concluded as a matter of law, "[t]hat the intention of the testator W. T. Perry, as gathered from reviewing the entirety of his will, was to make a general devise of his real and personal property to Annie S. Perry . . . ." We agree, and we think that this intent of the testator to make an absolute devise of all his property, real and personal, to his wife is paramount to the provisions of his will which are antagonistic to that purpose.

In Item 2 of his will testator states:

All of the balance and residue of my property, real and personal which I may own at the time of my death, I give, bequeath and devise unto my beloved wife, Annie Perry . . ."

G.S. 31-38 provides:

When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity.

Thus, we have a statutory presumption that a general devise of real estate is in fee. The words "give, bequeath and devise" used by testator, in light of G.S. 31-38 created a devise in fee simple absolute of all of his real property to his wife. Unless a will contains plain and express language indicating that the testator did not intend to devise a fee, the devise will be construed as one in fee simple. *Basnight v. Dill,* 256 N.C. 474, 124 S.E. 2d 159 (1962); *Clark v. Connor, supra; Bell v. Gilliam,* 200 N.C. 411, 157 S.E. 60 (1931). As stated by Chief Justice Stacy in *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368 (1947), "an unrestricted or indefinite devise of real property is regarded as a devise in fee simple. *Heefner v. Thornton,* 216 N.C., 702, 6 S.E. (2d), 506; *Barco v. Owens,* 212 N.C., 30, 192 S.E., 862." 228 N.C. at 276-77, 45 S.E. 2d

at 369. Indeed, after examining this will from its four corners we think this testator's general and dominant intention was to devise his wife, Annie S. Perry, a fee simple absolute in all of his real property and bequeath to her absolutely his personal property.

There are two provisions in this will which are not reconcilable with the testator's general intent as we have found it. It is these provisions which appellants contend restrict Annie S. Perry's interest in these properties to an estate for life. First, is the provision of the will which appears to limit Annie S. Perry's power of disposition of the property. In Item 2 of the will immediately following the general absolute devise of his property testator states:

> I do hereby give, grant and extend to the said Annie Perry the right to sell or mortgage any part of the real and personal property hereby devised and bequeathed to her in order to provide funds with which to defray her own necessary personal expenses, but she is not given the power to sell, dispose of or mortgage any part of said property for the purpose of aiding or assisting any of her children or any of the members of her family.

Obviously, this restriction on the devisee's powers of disposition is not in harmony with the immediately preceding general devise to her. The trial court concluded as a matter of law,

> [t]hat the language of Item Two of the will of W. T. Perry, following the general disposition of his estate to Annie S. Perry was precatory in nature, in explanation of why he had left the property to Annie S. Perry, and an attempt by the testator to express that the gift was for his wife's benefit and not that of their children or her other family members. . . ."

We agree with the trial court that this language was precatory. When this seemingly limited power of disposition is construed as being simply a statement of the testator's wish that his wife only mortgage or dispose of her real property to provide for her own necessities and that she not do so to benefit her children, the provision is in harmony with testator's dominant intent to devise his property to his wife in fee. This interpretation corresponds with the testator's evident testamentary scheme to provide for the

welfare of his wife. In general, precatory expressions are not con-
strued to create a trust in the legatee or devisee unless it clearly
appears from the instrument as a whole that such was the
testator's intention. *Quickel v. Quickel, supra; Brinn v. Brinn,* 213
N.C. 282, 195 S.E. 793 (1938). Therefore, in the instant case,
testator's initial devise to Annie S. Perry was absolute, and the
subsequent language of Item 2 is merely an expression of
testator's desire of how he wished his wife to dispose of the prop-
erty. The later language does not limit the absolute devise in any
manner and is not mandatory.

Second, Item 3 of testator's will states:

> After the death of my said wife, I give, bequeath and devise
> all of my property remaining to my four children, share and
> share alike. . . ."

It is this clause which appellants insist limited Annie S. Perry's
interest to only a life estate in the property she received through
her husband's will. Appellants contend that as children of the
heirs of children of the testator this clause gave them a re-
mainder in what was remaining of the testator's property after
the life tenant's death.

This clause cannot easily be reconciled with the testator's
general intent to give Annie S. Perry an absolute and unqualified
interest in his property. The general rule with regard to the ef-
fect to be given provisions such as this was stated by Justice
Walker in *Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892 (1920), as
follows:

> Where real estate is given absolutely to one person, with a
> gift over to another of such portion as may remain undis-
> posed of by the first taker at his death, the gift over is void,
> as repugnant to the absolute property first given . . .

180 N.C. at 371, 104 S.E. 2d at 893; *see Quickel v. Quickel, supra,*
and cases cited therein; *Taylor v. Taylor, supra; Heefner v.
Thornton,* 216 N.C. 702, 6 S.E. 2d 506 (1940); *Barco v. Owens,* 212
N.C. 30, 192 S.E. 862 (1937); *Jolley v. Humphries,* 204 N.C. 672,
169 S.E. 417 (1933). In accord with this rule we hold that the
language of Item 3 of W. T. Perry's will in which he attempted to
give a remainder interest to his children in the property which he
had previously devised and bequeathed absolutely to his wife was

void because it was repugnant to the absolute devise of Item 2. We hold in accord with the trial court that by virtue of the will of W. T. Perry, Annie S. Perry received a fee simple absolute in the real property which was the subject of this special proceeding. She was likewise bequeathed an absolute interest in his personal property. Therefore, the judgment of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and WHICHARD concur.