RUBY P. ADCOCK AND HUSBAND, HENRY CARLTON ADCOCK; ELSIE
CHRISTINE P. HANAVAN AND HUSBAND, JOHN F. HANAVAN; ANNIE
BELLE C. PERRY, WIDOW; NANCY P. JACOBS AND HUSBAND, CLAUDE
JACOBS, JR.; AND JOHN THOMAS PERRY, DIVORCED v. JAMES T. PERRY
AND WIFE, HATTIE MAE H. PERRY; WILLIAM LYON WHITFIELD AND
WIFE, BEATRICE B. WHITFIELD; JACK P. WHITFIELD, UNMARRIED;
DONALD WAYNE WHITFIELD AND WIFE, JOHNNIE T. WHITFIELD; AND
JEAN H. BARBEE AND HUSBAND, HOWARD J. BARBEE

No. 133A81

(Filed 4 May 1982)

**Wills § 34.1— intent to devise life estate**

Testator intended to devise his wife a life estate in his real property,
coupled with a limited power to dispose of the property to meet her personal
needs, where one item of the will devised testator's real property to his wife
and gave her "the right to sell or mortgage any part of the . . . property
hereby devised and bequeathed to her in order to provide funds with which to
defray her own necessary personal expenses, but she is not given the power to
sell, dispose of or mortgage any part of said property for the purpose of aiding
or assisting any of her children or any of the members of her family," and
another item of the will provided that, after the death of testator's wife, "I
give, bequeath and devise all of my property remaining to my four children,
share and share alike."

Justice MITCHELL dissenting.

ON discretionary review of the decision of the Court of Appeals [52 N.C. App. 724, 279 S.E. 2d 871 (1981)] affirming the judgment of *Farmer, J.,* entered 14 May 1980 in GRANVILLE Superior Court.

This appeal involves title to real property. The action arose when petitioners instituted a special proceeding asking that two tracts of land located in Dutchville Township, Granville County, be sold for partition. Petitioners contend they hold as tenants in common with respondents; they claim their interest under the will of W. T. Perry. Respondents Barbee and James T. Perry and wife, Hattie Mae Perry, filed answers admitting the allegations of the petition and requested that the land be sold and the proceeds distributed among the parties.

Respondents Whitfield filed an answer in which they denied that they hold the property as tenants in common with petitioners and the other respondents; they allege that they obtained their interest under the will of Annie S. Perry, wife of W. T.

Perry, and that title to the property vested in them to the exclusion of all others.

W. T. Perry died testate on 24 May 1946. His last will and testament provides as follows:

I, W. T. Perry, of the County and State aforesaid, being of sound and disposing mind and memory, do make, publish and declare this my last will and testament in words and figures as follows, to wit:

### Item 1

I direct my executrix, hereinafter named, to pay my funeral expenses, my debts and the costs and charges of administering and settling my estate from and out of the first money coming into her hands belonging to my said estate, and should it be necessary for my executrix to raise any money for said purposes by a sale of any part or all of my personal property I hereby authorize and empower my said executrix to make either public or private sale, as she may deem best, of any part or all of my said personal property.

### Item 2

All of the balance and residue of my property, real and personal which I may own at the time of my death, I give, bequeath and devise unto my beloved wife, Annie Perry, and I do hereby give, grant and extend to the said Annie Perry the right to sell or mortgage any part of the real and personal property hereby devised and bequeathed to her in order to provide funds with which to defray her own necessary personal expenses, but she is not given the power to sell, dispose of or mortgage any part of said property for the purpose of aiding or assisting any of her children or any of the members of her family.

### Item 3

After the death of my said wife, I give, bequeath and devise all of my property remaining to my four children, share and share alike, provided that Graham Perry, one of my children, between now and the date of my death conveys to me that tract of land in Dutchville Township, Granville

County, containing 16 acres, more or less, conveyed to the said Graham Perry by L. C. Sadler and others by deed of record in the Office of the Register of Deeds of Granville County in Book 89, at page 429, and should the said Graham Perry fail, and, or refuse to convey said tract of land to me before my death, then the said Graham Perry is to receive no part or share in my estate, and the share or part, to which he otherwise would be entitled to receive or take hereunder, is given and devised to my other three children, share and share alike.

### Item 4

The children hereinabove in item three referred to shall include and apply to the child or children of any of my own children that may be dead at the time of my death, and my grand-children shall have and receive the shares to which the parent or parents of such grand-children would be entitled, if living.

### Item 5

I hereby nominate, constitute and appoint my said wife, Annie Perry, executrix of this my last will and testament, and I hereby direct that she be permitted to qualify and to enter upon and to discharge the duties hereby imposed upon her without being required to give bond.

W. T. Perry's wife, Annie S. Perry, died testate on 15 February 1979.

Petitioners contend that they and respondents are the remaindermen, or heirs of deceased remaindermen, after the life of Annie S. Perry under W. T. Perry's will. Petitioners argue that the will devises a life estate to Annie S. Perry with a limited power to dispose of the estate for her own personal and necessary expenses during her lifetime; and that the will then devises a vested remainder to W. T. Perry's four children subject to certain provisions relating to Graham Perry.

Respondents Whitfield contend that W. T. Perry devised fee simple title in the two tracts of land to his wife, Annie S. Perry, and that they hold sole title under her will. In her will Annie S. Perry devised and bequeathed all property "of which I died

seized and possessed" to her daughter, Sudie Whitfield and her daughter's husband, R. L. Whitfield. The beneficiaries both predeceased Annie S. Perry. Sudie Whitfield and her husband, however, were survived by three children, respondents William Lyon Whitfield, Zack P. Whitfield and Donald Wayne Whitfield. Respondents aver that by virtue of the anti-lapse statute, G.S. 31-42, a fee simple title to the two tracts of land vested in them to the exclusion of the other petitioners and respondents.

The cause came for hearing before Judge Farmer on 9 April 1980. After the hearing, the court made findings of fact and concluded as a matter of law that under W. T. Perry's will, Annie S. Perry was devised fee simple title in the two parcels of land and that respondents Whitfield, as surviving heirs of the devisees under Annie S. Perry's will, took fee simple title to the land.

The Court of Appeals, in an opinion written by Chief Judge Morris and concurred in by Judge Martin (Robert M.) and Judge Whichard, affirmed the judgment of the trial court. Petitioners and respondents Perry petitioned this court for discretionary review pursuant to G.S. 7A-31. The petition was allowed on 6 October 1981.

*Currin & Currin by Hugh M. Currin and Hugh M. Currin, Jr., attorneys for petitioner-appellants Ruby P. Adcock and husband Henry Carlton Adcock, and Elsie Christine P. Hanavan and husband, John F. Hanavan.*

*Royster, Royster & Cross by S. S. Royster, attorney for petitioner-appellants Annie Belle C. Perry, widow, Nancy P. Jacobs and husband, Claude Jacobs, Jr. and John Thomas Perry, divorced.*

*Edmundson & Catherwood by R. Gene Edmundson, attorney for respondent-appellants James T. Perry and wife, Hattie Mae H. Perry.*

*Watkins, Finch & Hopper by William L. Hopper, attorney for respondent-appellees William Lyon Whitfield and wife, Beatrice B. Whitfield, Zack P. Whitfield, unmarried, Donald Wayne Whitfield and wife, Johnnie T. Whitfield.*

BRITT, Justice.

As was stipulated by the parties at trial, the sole issue for determination by this court is whether Annie S. Perry was devised the fee simple title to the real property in question under the last will and testament of W. T. Perry. The trial court and the Court of Appeals answered the issue in the affirmative. We disagree with that answer.

There are several basic rules that are applicable to the interpretation of wills. The most basic rule of will construction is that "the intent of the testator is the polar star that must guide the courts in the interpretation of a will." *Wing v. Wachovia Bank & Trust Co.*, 301 N.C. 456, 272 S.E. 2d 90 (1980); *Coppedge v. Coppedge*, 234 N.C. 173, 66 S.E. 2d 777 (1951). A second cardinal principle is to give effect to the general intent of the testator as that intent appears from a consideration of the entire instrument, *Wilson v. Church*, 284 N.C. 284, 200 S.E. 2d 769 (1973). A third rule is that the intent of the testator must be ascertained from a consideration of the will as a whole and not merely from consideration of specific items or phrases of the will taken in isolation. *Clark v. Connor*, 253 N.C. 515, 117 S.E. 2d 465 (1960).

The Court of Appeals, in affirming the judgment of the trial court, concluded that W. T. Perry intended to devise his wife fee simple title to his property. In arriving at this conclusion, the Court of Appeals recognized that there are two provisions of the will inconsistent with this interpretation. The first of these is the language in Item 2 limiting the general devise immediately preceding it. That provision provides:

> I do hereby give, grant and extend to the said Annie Perry the right to sell or mortgage any part of the real and personal property hereby devised and bequeathed to her in order to provide funds with which to defray her own necessary personal expenses, but she is not given the power to sell, dispose of or mortgage any part of said property for the purpose of aiding or assisting any of her children or any of the members of her family.

The Court of Appeals held that this language was precatory and did not limit the absolute devise in any manner. The second inconsistent provision is Item 3 of the will providing: "After the death

of my said wife, I give, bequeath and devise all of my property remaining to my four children, share and share alike . . . ." The Court of Appeals found Item 3 void as repugnant to the absolute title first given. *Carroll v. Herring*, 180 N.C. 369.

We disagree with the decision of the Court of Appeals and hold that W. T. Perry clearly intended to devise his wife a life estate only, coupled with a limited power to dispose of the property to meet her personal needs.

In trying to ascertain the intent of the testator, the will is to be considered in its entirety so as to harmonize, if possible, provisions which would otherwise be inconsistent. *Joyner v. Duncan*, 299 N.C. 565, 264 S.E. 2d 76 (1980); *Olive v. Biggs*, 276 N.C. 445, 173 S.E. 2d 301 (1970). A phrase should not be given a significance which clearly conflicts with the evident intent of the testator as gathered from the four corners of the will and the court will adopt that construction which will uphold the will in all its parts if such course is consistent with the established rules of law and the intention of the testator. *Joyner v. Duncan, supra; Johnson v. Salsbury*, 232 N.C. 432, 61 S.E. 2d 327 (1950).

W. T. Perry's testamentary scheme becomes apparent from a reading of the whole will. While it is clear that he sought to provide his wife with assets she could tap for her support during her lifetime, there were express limitations put on her use of the property devised. While W. T. Perry wanted to ensure his wife's ability to meet her own necessary personal expenses, these assets were not to be used to provide assistance to her children or family. They would inherit what remained after his wife's death. All of the words used by the testator are imperative. None of the language can be considered precatory. The construction of W. T. Perry's will as a devise of a life estate is further buttressed by Items 3 and 4 which specifically designate the remaindermen and the distribution of their shares should they not survive the life tenant.

The interpretation given W. T. Perry's will by the Court of Appeals creates sharp conflict between several provisions in the will. Indeed, it results in a majority of the will's provisions being either void as repugnant to the presumed absolute devise or mere expressions of the testator's desire, not mandatory language.

We think that the intent of the testator, as gathered from the four corners of the will, was to devise his wife a life estate. This finding of intent also provides for a harmonious blending of all the provisions of the will. When construed as the devise of a life estate, with the power to sell in order to meet personal needs of the wife, none of the provisions are irreconcilable. Effect is given to each clause, phrase and word. Each string can give its sound. *Morris v. Morris*, 246 N.C. 314, 98 S.E. 2d 298 (1957).

Respondents argue that in North Carolina a devise is presumed to be in fee simple and that the law favors a vesting of a fee simple absolute estate in any situation where such an interpretation is reasonable. N.C. G.S. 31-38.[1] The presumption created by G.S. 31-38, however, by its own terms, may be overcome by a showing that the will plainly intended to convey an estate of less dignity. Consistent with our holding above that the testator's clear intent was to devise to his wife a life estate, we find that the presumption created by G.S. 31-38 of the devise of a fee has been fully rebutted.

Respondents also argue that the rule of construction set forth in *Carroll v. Herring, supra,* and *Hambright v. Carroll,* 204 N.C. 496, 168 S.E. 817 (1933), should control the disposition of this case. The rule states:

> Where real estate is given absolutely to one person with a gift-over to another of such portion as may remain undisposed of by the first taker at his death, the gift-over is void as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy. The only exception to such a rule is where the testator gives to the first taker an estate for life only, by certain and express terms. . . .

1. *Devise presumed to be in fee.* — When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity.

*Hambright v. Carroll, supra,* at 498. Respondents' argument is without merit. All rules of construction must yield to the paramount intent of the testator as gathered from the four corners of the will. *Quickel v. Quickel,* 261 N.C. 696, 136 S.E. 2d 52 (1964); *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368 (1947).

The decision of the Court of Appeals is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Justice MITCHELL dissenting.

I respectfully dissent from the majority opinion for the reasons given by Chief Judge Morris in her opinion for a unanimous panel of the Court of Appeals. 52 N.C. App. 724, 279 S.E. 2d 871 (1981).

I have no quarrel with the rules of law set forth in the well-written opinion of the majority. Like the majority, I am fully aware that the most basic rule of testamentary construction is that the intent of the testator is the polar star that must guide the courts in the interpretation of a will. But where there is room for doubt as to the intent of the testator, both the legislature and our own prior cases require that a devise be held and construed to be a devise in fee simple absolute. G.S. 31-38; *Basnight v. Dill,* 256 N.C. 474, 124 S.E. 2d 159 (1962); *Clark v. Connor,* 253 N.C. 515, 117 S.E. 2d 465 (1960).

In the present case, I would find at the very least that there is doubt as to the meaning of the testator. The fact that a Superior Court Judge and three judges of the Court of Appeals have held contrary to the holding of the majority tends, in my view, to be at least some indication that the testator did not in plain and express words show an intent to convey to his wife an estate of less dignity than an estate in fee simple. There being some doubt as to what the testator intended, I would not attempt to draft the will for him but, instead, would affirm the Court of Appeals.