CLARA S. CUMMINGS, TRUSTEE UNDER THE WILL OF PEGGY FOX SNYDER v. CHARLES WILLIAM SNYDER, AND LISA KIRBY, GUARDIAN AD LITEM FOR BRADLEY SNYDER

No. 8810SC269

(Filed 18 October 1988)

**Wills § 28.4; Trusts § 5— marital home held in trust for benefit of husband—termination clause—construction**

In an action to terminate a life estate in respondent which had been created by his deceased wife's will and held in trust for his benefit during his lifetime, the only logical interpretation of the language "in the event my said husband shall fail to reside in my said residence for at least six consecutive months during any five-year period during the term of this trust, then it shall be deemed that he thereby released his lifetime right to reside in the residence and my trustee shall then have the power to lease or sell my said residence . . ." is that respondent need only reside in the home for a single six consecutive month period during any five-year period. The trial court's order terminating the life estate was remanded for entry of judgment in favor of respondent.

Judge WELLS dissenting.

APPEAL by petitioner from *Bowen, Judge*. Order entered 8 October 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 26 September 1988.

Petitioner instituted this action to terminate respondent's life estate in the former marital home created by the will of respondent's deceased wife and held in trust. The evidence presented at trial tended to show the following facts.

The deceased, Peggy Ann Fox-Snyder, left a will that created two trusts. The first trust contains the marital home and is to be held for the benefit of her husband (respondent) during his lifetime. The second trust contains the deceased's life insurance proceeds for the benefit of her minor child and secondarily for the respondent.

The language of the first trust, Trust A, is as follows:

### III.

To my Trustee, named hereinafter, I give, devise and bequeath the following property, IN TRUST, for the uses and purposes recited hereinafter:

#### (a) TRUST SHARE "A":

I give, devise and bequeath to my Trustee the residence which I own located at 2215 Anderson Drive, Raleigh, Wake County, North Carolina to be held in Trust Share "A" for the following uses and purposes:

(i) To my husband, CHARLES WILLIAM SNYDER, I grant the right to use my said residence as his residence during his lifetime. For any period of time that my said husband shall reside in my said residence, he shall be responsible for and pay for any utility bills and maintenance with respect thereto. If my said husband shall at any time elect not to reside in my said residence, my Trustee shall have the right to lease my said residence for residential purposes for a period of twelve (12) months or less and my said husband shall not have the right to again reside therein until after the expiration of said lease period. If my said husband does not elect to again reside in my said residence by giving written notice thereof at least sixty (60) days prior to the termination of said lease period, then he shall be required to wait an additional lease period of up to twelve (12) months before electing to return to the residence. In the event my said husband shall fail to reside in my said residence for at least six (6) con-

secutive months during any five (5) year period during the term of this Trust, then it shall be deemed that he thereby released his lifetime right to reside in the residence and my Trustee shall then have the power to lease or sell my said residence if in her discretion, she finds it to be in the best interest of my said child.

Petitioner, Trustee for both trusts, brought a petition before the Clerk of Superior Court, Wake County, to have the life estate in respondent terminated. She claimed that respondent had not lived in the Anderson Drive residence for six consecutive months and thus he released his life estate in the trust. Respondent contended that he had occupied the residence for a three-day period during that time.

The Clerk of Superior Court, pursuant to N.C.G.S. § 1-273, ordered the action to be transferred to the Superior Court because there were disputed issues of fact. Judge Bowen heard the case on 18 September 1987 and ordered that the life estate be terminated, finding that respondent had not lived in the residence for the three days he claimed. Respondent then moved for a new trial pursuant to Rule 59(a)(9) of the North Carolina Rules of Civil Procedure claiming that the court had incorrectly construed the will.

Judge Bowen granted respondent's motion for new trial pursuant to Rules 59(a)(9) and 59(a)(8) stating that in all likelihood error was committed in interpreting the will. From that order petitioner appeals.

*Calhoun & Nichols, by M. Jackson Nichols; and Gulley, Eakes & Volland, by Daniel F. Read, for petitioner appellant.*

*Young, Moore, Henderson & Alvis, by John A. Michaels, for respondent appellee.*

*Faison, Brown, Fletcher & Brough, by Mark Kirby, Guardian ad Litem for Lisa Kirby.*

ARNOLD, Judge.

The perplexity presented by the interlocutory nature of this appeal could have been avoided if the trial court had reopened the judgment, amended its conclusions, and directed entry of a

new judgment in favor of the respondent. *See* N.C.G.S. § 1A-59 (9)(a).

When a verdict is set aside for error in law, and not as a matter of discretion, the aggrieved party may appeal, provided the error is specifically designated. *Britt v. Allen*, 291 N.C. 630, 635, 231 S.E. 2d 607, 611 (1977). Because there was an error in law in the trial court's first order, we hold that the order awarding a new trial is appealable.

The interpretation of a will's language is a matter of law. *Lee v. Barksdale*, 83 N.C. App. 368, 375, 350 S.E. 2d 508, 513 (1986), *disc. rev. denied*, 319 N.C. 404, 354 S.E. 2d 714 (1987); *Trust Co. v. Wolfe*, 243 N.C. 469, 91 S.E. 2d 246 (1956). When the parties place nothing before the court to prove the intention of the testator, other than the will itself, they are simply disputing the interpretation of the language which is a question of law. *Leonard v. Dillard*, 87 N.C. App. 79, 81, 359 S.E. 2d 497, 498 (1987). In the case *sub judice* the parties offer nothing other than the will itself as evidence for their contentions.

There are several basic rules of will interpretation. The most basic rule is that the intent of the testator is the polar star that must guide the courts in the interpretation of a will. *Adcock v. Perry*, 305 N.C. 625, 629, 290 S.E. 2d 608, 611 (1982). A second cardinal principle is to give effect to the general intent of the testator as that intent appears from the consideration of the entire instrument. *Id.* The testator's meaning must be collected from the will itself by attending to the different parts of it and comparing and considering them together. *Morris v. Morris*, 246 N.C. 314, 316, 98 S.E. 2d 298, 300 (1957).

Petitioner contends that the primary intent of the testatrix was to provide for her minor child. With that contention we agree; however, we do not agree that terminating the life estate furthers that intent nor is it warranted in the language of the trust.

The only logical interpretation of the language of Trust A is that respondent need only reside in the home for a single six consecutive month period during any five year period. We can see no other way to construe this language.

Cummings v. Snyder

When looking at all of the language of Trust A, it is clear that testatrix provided for the home's upkeep in the event respondent did not reside in it more than the required time. The trustee is empowered to lease the home for no more than twelve months, but such lease can be extended for another twelve months if respondent chooses not to move in after the first term ends. The ability to lease the residence provides a means to maintain the house while providing respondent an opportunity to live there. The respondent is afforded an opportunity to live in the marital home, but he is not mandated to do so.

We vacate the 18 September 1987 order of the trial court which terminated the life estate and remand for entry of judgment in favor of respondent.

Vacated and remanded.

Chief Judge HEDRICK concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, the intent expressed in the disputed portion of Mrs. Snyder's will was that the residence on Anderson Drive be kept in use, either as a residence for Mr. Snyder, or to be leased or sold if he chose not to reside there. One signal of his choice not to live there was lack of occupancy on his part for any six consecutive months during any five year period. In his order of 18 September 1987, Judge Bowen found that Mr. Snyder had not lived in the residence under the terms of the will and had forfeited his life estate. This was the correct construction of the will.

I vote to reverse the order granting a new trial and to affirm the order of 18 September 1987.