IN RE: THE WILL OF FANNIE ECKLIN MOORE, Deceased, RETHA ECKLIN LEWIS, LOIS ANDREW ECKLIN, SYLVIA ECKLIN NATALE, and KATRINA ECKLIN CHRISMON, Petitioners v. HARRIET ECKLIN, OPAL MOORE RAKOWSKI NANNEY, LOUISE CRATCH, JOHN ECKLIN, JR. and SID HASSELL, JR., Administrator C.T.A. of the Estate of Fannie Ecklin Moore, Deceased, Respondents

No. 922SC223

(Filed 4 May 1993)

**Wills § 44 (NCI3d) — holographic wills — intent of testatrix — per stirpes distribution**

Where testatrix left two holographic wills dated the same day, one will left the residuary estate "to my Brother's & Sister, and their Children," and the second will provided that the residuary estate should go "to my brothers, and sister & their children" and also that it should go "First to Brothers Sisters then to their children," the testatrix intended to effect a per stirpes distribution of her residuary estate so that the estate should be divided into one share for each of testatrix's brothers and sister, and the issue of any deceased sibling will take in equal parts the share of their ancestor.

**Am Jur 2d, Wills § 1140.**

**Taking per stirpes or per capita under will. 13 ALR2d 1023.**

Appeal by petitioners from judgment entered 27 September 1991 by Judge William C. Griffin, Jr., in Beaufort County Superior Court. Heard in the Court of Appeals 2 March 1993.

**IN RE WILL OF MOORE**

[110 N.C. App. 73 (1993)]

*Bevin W. Wall for petitioners-appellants.*

*Mayo & Mayo, by William P. Mayo and William P. Mayo, Jr., for respondents-appellees.*

JOHNSON, Judge.

The testatrix in this action, Fannie Ecklin Moore, died on 14 August 1990. One of the respondents filed a petition seeking probate in solemn form on 20 September 1990. A response was filedby the petitioners. An order of probate of holographic will in solemn form was entered by the Beaufort County Clerk of Superior Court on 22 October 1990.

A petition for declaratory judgment was filed by the petitioners on 16 April 1991 and answers were filed by the respondents and the administrator of the estate. A hearing was conducted before Judge Griffin on 6 September 1991, wherein he ordered a per stirpes distribution of the testatrix's estate.

The testatrix, Fannie Ecklin Moore, died on 14 August 1990, leaving as her last will and testament two paper writings satisfying the North Carolina requirements for a holographic will. Both wills were hand written, signed by the testatrix, dated the same day, 15 June 1979, and both were entitled: "My Will if I don't get another wrote."

One will contained the following language: "then [the residuary] be divided or sold & divided what it sells for to my Brother's & Sister, and their Children. Half Brother's children the same." The other will made two references to distribution: "then [the residuary] be sold and or divided to my brothers, and sister & their children" was contained in the body of the will, and the phrase "First to Brothers Sisters then to their children" was contained at the end of the will but before the testatrix's signature.

Mrs. Moore was survived by:

1. Harriet Ecklin, a surviving niece, daughter of Charlie Ecklin who predeceased testatrix;

2. Opal Moore Rakowski Nanney, a surviving niece, daughter of Margie Ecklin Moore who predeceased testatrix;

3. Louise Cratch, a surviving niece, daughter of Johnny E. Ecklin who predeceased testatrix;

4. John Ecklin Jr., a surviving nephew, son of Johnny E. Ecklin who predeceased testatrix;

5. Retha Ecklin Lewis, a surviving niece, daughter of James Heber Ecklin (living);

6. Lois Andrew Ecklin, a surviving niece, daughter of James Heber Ecklin (living);

7. Sylvia Ecklin Natale, a surviving niece, daughter of James Heber Ecklin (living);

8. Katrina Ecklin Chrismon, a surviving great niece, daughter of Alton Ecklin (deceased), and granddaughter of James Heber Ecklin (living);

9. James Heber Ecklin, surviving brother of testatrix.

Respondents filed a petition in Beaufort County Superior Court, seeking probate of the will and a per stirpes distribution of the testate estate, which would have given a ¼ share to James Heber Ecklin, Harriet Ecklin and Opal Moore Rakowski Nanney, and a 1/8 share each to Louise Cratch and John Ecklin, Jr.

James Heber Ecklin, the only surviving sibling of the testatrix, renounced any and all of his interest in the testatrix's estate by written renunciation dated 28 September 1990 and filed with the Beaufort County Clerk of Superior Court on 4 October 1990. Petitioners then filed their response seeking a per capita distribution of the estate between the seven nieces and nephews and the daughter of the sole deceased nephew in equal shares of 1/8.

From order entered 7 October 1991, stating that "[i]t was the intention of the decedent that upon her death her estate be divided into one share for each of her brothers and sister and that the issue of any deceased sibling should take in equal parts the share of their ancestor," petitioners appeal.

Petitioners argue that the factual evidence presented in support of the testatrix's intention was, as a matter of law, ambiguous and contradictory, and that it was impossible for the factfinder to make any factual conclusion regarding the intention of the decedent. Respondents further contend that the trial court's conclusions of law, which provided for a per stirpes distribution, were not based on any competent findings of fact.

IN RE WILL OF MOORE

[110 N.C. App. 73 (1993)]

More specifically, respondents argue that the language " 'First to Brothers Sisters then to their children' would not create a devise to the Brothers and Sisters in fee simple, but would be a devise to two classes, the first class being 'Brothers & Sisters' and the second class being 'their children' or the nieces and nephews of the testatrix." Petitioners, citing *Trust Co. v. Bryant*, 258 N.C. 482, 128 S.E.2d 758 (1963), proceed to argue that where a devise is to a class, the devisees take and share alike unless the testator clearly intended a different division.

We disagree with respondents' position, noting that the two wills must be construed as a whole and, if possible, meaning must be given to each clause, phrase and word. *Maxwell v. Grantham*, 254 N.C. 208, 118 S.E.2d 426 (1961). Our Supreme Court stated in *Adcock v. Perry*, 305 N.C. 625, 630, 290 S.E.2d 608, 611-12 (1982):

In trying to ascertain the intent of the testator, the will is to be considered in its entirety so as to harmonize, if possible, provisions which would otherwise be inconsistent. (cites omitted). A phrase should not be given a significance which clearly conflicts with the evident intent of the testator as gathered from the four corners of the will and the court will adopt that construction which will uphold the will in all its parts if such course is consistent with the established rules of law and the intention of the testator. (cites omitted).

The *Adcock* Court also stated that Mr. Perry's testamentary scheme became apparent from a reading of the whole will. 305 N.C. at 630, 290 S.E.2d at 612. Likewise, in the case *sub judice*, a reading of the whole will leads to the conclusion that the testatrix intended that the living children of a predeceased sibling were to represent the deceased sibling and divide the sibling's share among themselves, effecting a per stirpes distribution.

Our acceptance of the interpretation petitioners suggest (that the actual or deemed predecease of all of the testatrix's siblings activated a second class consisting of the testatrix's siblings' children) would mean that no child of the testatrix's siblings could benefit unless all the siblings predeceased the testatrix. We do not believe that this was the intent of the testatrix; we believe that it was the testatrix's intent that her siblings and their children benefit under her will. Although all of the testatrix's siblings have predeceased her (in reality or by operation of law), we are inclined to hold that the distribution should none the less be per stirpes. It

is highly unlikely that the testatrix would have wanted her siblings' children to benefit only if all of her siblings predeceased her.

Our decision finds support in the intestacy laws of North Carolina which were designed to follow the most logical and natural process of distribution. Of course the intestacy laws do not apply in the instant case, but they do provide insight. North Carolina General Statutes § 29-15(4) (1984) provides:

> If the intestate is not survived by such children or lineal descendants or by a parent, the brothers and sisters of the intestate, and the lineal descendants of any deceased brothers or sisters, shall take as provided in G.S. 29-16[.]

North Carolina General Statutes § 29-16 (1984) details per stirpes distribution. We therefore hold that there is no logical reason for this Court to favor a per capita distribution over a per stirpes distribution absent the intent of the testatrix as ascertained from the four corners of the will.

Even if this Court were to accept petitioners' argument that the testatrix's will created a class gift to her siblings, the North Carolina Antilapse Statute (North Carolina General Statutes § 31-42(b) (1984)) would again provide for per stirpes distribution. The statute states:

> Devolution of Devise or Legacy to Member of Class Predeceasing Testator.—Unless a contrary intent is indicated by the will, where a devise or legacy of any interest in property is given to a devisee or legatee who would have taken as a member of a class had he survived the testator, and he dies survived by issue before the testator, whether he dies before or after the making of the will, such devise or legacy shall pass by substitution to such issue of the devisee or legatee as survive the testator in all cases where such issue of the deceased devisee or legatee would have been an heir of the testator under the provisions of the Intestate Succession Act[.]

Accordingly, we cannot support a presumption in favor of per capita distribution absent the intent of the testatrix.

The decision of the trial court is affirmed.

Judges LEWIS and JOHN concur.