KENNETH HALSTEAD, Petitioner
v.
JENNIFER PLYMALE, EXECUTRIX OF THE ESTATE OF
ANITA RAE HALSTEAD, Respondent

No. COA13-375

Filed 3 December 2013

1. **Jurisdiction—declaratory judgment—disposition of estate—standard of review**

    An appeal from the superior court's declaratory judgment concerning the proper disposition of an estate was an appeal of right to the Court of Appeals pursuant to N.C.G.S. § 7A-27(b). Moreover, review was *de novo* because the interpretation of the will turned solely on the language of the will and thus presented a question of law.

2. **Wills—residuary estate—patent ambiguity—intent of testator**

    Where there was a patent ambiguity on the face of a will, the trial court correctly found that the entire residuary estate of testator (Ms. Halstead) passed under the terms of her will to her relative (Ms. Plymale) and not to petitioner, her estranged husband.

Appeal by petitioner from judgment entered 10 October 2012 by Judge W. David Lee in Union County Superior Court. Heard in the Court of Appeals 10 October 2013.

*Law Office of Shawna Collins, by Shawna D. Collins, for petitioner-appellant.*

*Helms Robison & Lee, P.A., by James Allen Lee and Emily B. Harp, for respondent-appellee.*

HUNTER, JR., Robert N., Judge.

Petitioner Kenneth Halstead ("Petitioner") appeals from a judgment finding that decedent Anita Rae Halstead ("Ms. Halstead") bequeathed and devised all of her tangible personal property, as well as her entire residuary estate, to Jennifer Plymale ("Ms. Plymale"). Petitioner contends that Ms. Halstead's will is unambiguous and that the residuary clause fails to devise Ms. Halstead's intangible and real property. Accordingly, Petitioner contends that Ms. Halstead's intangible and real property should pass by intestacy. We disagree and affirm the trial court's judgment.

## I. Factual & Procedural History

Petitioner filed a complaint on 6 January 2012 seeking a declaration that the residuary clause contained in Ms. Halstead's will failed to devise her intangible and real property and that such property is therefore to pass by intestacy. The facts as alleged in the complaint are as follows.

Petitioner is the widower of Ms. Halstead, who died testate on 17 October 2011. Ms. Halstead's will, which was attached and incorporated into the complaint by reference, indicated that Petitioner and Ms. Halstead were separated and estranged at the time of her death. Indeed, at the beginning of Ms. Halstead's will, she specifically states:

> I hereby declare that I am separated from my estranged spouse, KENNETH F. HALSTEAD, and that I have no children. I further hereby declare that I specifically wish to disinherit and disqualify my estranged spounst [sic], KENNETH F. HALSTEAD for his misconduct toward me, including but not limited to his willful abandonment of me and the marriage, and our separation, due to his cohabitation and adultery, which I have not and do not condone.

On 18 October 2011, Ms. Plymale, the executrix of Ms. Halstead's estate, presented Ms. Halstead's will to the Clerk of Superior Court of Union County, who admitted the will to probate. The will disposes of Ms. Halstead's property as follows:

> 1.  Gift of Tangible Personal Property. All of my tangible personal property that was not held by me solely for investment purposes, including, but not limited to,

my automobiles, household furniture and furnishings, clothing, jewelry, collectibles and personal effects, shall be disposed of as follows:

    1.   I give all such tangible personal property to my relative,[1] JENNIFER PLYMALE, . . . if she survives me.

. . . .

B.   <u>Gift of Residuary Estate</u>. My residuary estate, being all my real and personal property, wherever located, not otherwise effectively disposed of, but excluding any property over which I may have a power of appointment, shall be disposed of as follows:

    1.   I give all such tangible personal property to my relative, JENNIFER PLYMALE, if she survives me.

Based on these provisions, Ms. Plymale indicated in the application for probate that she was the only person entitled to share in Ms. Halstead's estate. Petitioner then filed this action to obtain a declaration regarding the proper distribution of the residuary estate.

After a hearing on the matter, the trial court entered a judgment on 10 October 2012 finding a patent ambiguity on the face of the will and construing the will to devise the entire residuary estate in favor of Ms. Plymale. Specifically, because the trial court concluded that "[t]he bequest under 'A' effectively disposed of all of [Ms. Halstead's] tangible personal property so that none remained for disposition under 'B,' " the trial court considered the repeated reference to "tangible personal property" in the residuary clause to be patently ambiguous. Accordingly, because the trial court concluded that it was Ms. Halstead's express intention to disinherit and disqualify Petitioner, the reference to tangible personal property in the residuary clause was disregarded and the residue was deemed to have been devised in its entirety to Ms. Plymale. Petitioner filed timely notice of appeal.

## II. Jurisdiction & Standard of Review

[1] "Courts of record within their respective jurisdictions shall have power to declare rights . . . and such declarations shall have the force

---

1. Notwithstanding this language, Ms. Plymale described her relationship with Ms. Halstead as a "close friend" in the application for probate.

and effect of a final judgment or decree." N.C. Gen. Stat. § 1-253 (2011). Accordingly, because Petitioner appeals the superior court's declaratory judgment concerning the proper disposition of Ms. Halstead's estate, Petitioner's appeal lies of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011).

"The interpretation of a will's language is a matter of law. When the parties place nothing before the court to prove the intention of the testator, other than the will itself, they are simply disputing the interpretation of the language which is a question of law." *Cummings v. Snyder*, 91 N.C. App. 565, 568, 372 S.E.2d 724, 725 (1988) (internal citations omitted). Here, both parties stipulated at the hearing that no extrinsic evidence would be considered. Accordingly, because the interpretation of Ms. Halstead's will turns solely on the language of the will, Petitioner's appeal presents a question of law. "Conclusions of law are reviewed de novo and are subject to full review." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quotation marks and citation omitted).

### III. Analysis

[2] The only question presented by Petitioner's appeal is the proper disposition of Ms. Halstead's residuary estate.[2] For the following reasons, we affirm the trial court's judgment finding that the entire residuary estate passed under the terms of the will to Ms. Plymale.

"The intent of the testator is the polar star that must guide the courts in the interpretation of a will." *Coppedge v. Coppedge*, 234 N.C. 173, 174, 66 S.E.2d 777, 778 (1951); *see also Collier v. Bryant*, ___ N.C. App. ___, ___, 719 S.E.2d 70, 76 (2011) ("When reading a will, the testator's intent guides the trial court's interpretation of the will."). "This intent is to be gathered from a consideration of the will from its four corners, and such intent should be given effect unless contrary to some rule of law or at variance with public policy." *Coppedge*, 234 N.C. at 174, 66 S.E.2d at 778.

Naturally, "[w]here the language employed by the testator is plain and its import is obvious, the judicial chore is light work; for, in such event, the words of the testator must be taken to mean exactly what

---

2. Petitioner's brief does not challenge the trial court's finding that all of Ms. Halstead's tangible personal property passed to Ms. Plymale under the section of the will entitled "A. Gift of Tangible Personal Property."

they say." *McCain v. Womble*, 265 N.C. 640, 644, 144 S.E.2d 857, 860 (1965) (quotation marks and citation omitted). However, "where provisions are inconsistent, it is a general rule in the interpretation of wills, to recognize the general prevailing purpose of the testator and to subordinate the inconsistent provisions found in it." *Coppedge*, 234 N.C. at 176, 66 S.E.2d at 779. Indeed, "[e]ven words, phrases, or clauses will be supplied in the construction of a will when the sense of the phrase or clause in question as collected from the context manifestly requires it." *Entwistle v. Covington*, 250 N.C. 315, 319, 108 S.E.2d 603, 606 (1959); *see also Gordon v. Ehringhaus*, 190 N.C. 147, 150, 129 S.E. 187, 189 (1925). ("[I]n performing the office of construction, the Court may reject, supply or transpose words and phrases in order to ascertain the correct meaning and to prevent the real intention of the testator from being rendered abortive by his inapt use of language.").

Here, we agree with the trial court's conclusion that a patent ambiguity appears on the face of Ms. Halstead's will. *See Wachovia Bank & Trust Co. v. Wolfe*, 243 N.C. 469, 478, 91 S.E.2d 246, 253 (1956) (stating that "a patent ambiguity occurs when doubt arises from conflicting provisions or provisions alleged to be repugnant"). Specifically, a plain reading of Ms. Halstead's residuary clause reveals a clear inconsistency. Ms. Halstead's residuary clause reads as follows:

> B.　Gift of Residuary Estate. My residuary estate, being all my real and personal property, wherever located, not otherwise effectively disposed of, but excluding any property over which I may have a power of appointment, shall be disposed of as follows:
>
>> 1. I give all such tangible personal property to my relative, JENNIFER PLYMALE, if she survives me.

Plainly, section B indicates an intention to dispose of "all . . . real and personal property, wherever located, not otherwise effectively disposed of" in preceding portions of the will. Yet, when alluding back to the contents of the residuary estate in subsection B(1), the will refers only to "tangible personal property." Tangible personal property would necessarily exclude all intangible personal property and all real property in Ms. Halstead's estate.

The inconsistency inherent in this provision is further revealed by the fact that Ms. Halstead had already disposed of her tangible personal property:

A. <u>Gift of Tangible Personal Property</u>. All of my tangible personal property that was not held by me solely for investment purposes, including, but not limited to, my automobiles, household furniture and furnishings, clothing, jewelry, collectibles and personal effects, shall be disposed of as follows:

> 1. I give all such tangible personal property to my relative, JENNIFER PLYMALE, . . . if she survives me.

Accordingly, given that Ms. Halstead had already devised her tangible personal property to Ms. Plymale in section A, and because section B purports to devise the entire residuary estate, the repeated reference to "tangible personal property" in subsection B(1) creates a patent ambiguity on the face of the will. Thus, our task is to construe this inconsistent provision to effectuate Ms. Halstead's intent as revealed by the four corners of the will.

"[T]he intent of the testator must be ascertained from a consideration of the will as a whole and not merely from consideration of specific items or phrases of the will taken in isolation." *Adcock v. Perry*, 305 N.C. 625, 629, 290 S.E.2d 608, 611 (1982). "[T]he use of particular words, clauses or sentences must yield to the purpose and intent of the testator as found in the whole will." *Kale v. Forrest*, 278 N.C. 1, 6, 178 S.E.2d 622, 625 (1971). Accordingly, "[i]n interpreting the different provisions of a will, the courts are not confined to the literal meaning of a single phrase." *Cannon v. Cannon*, 225 N.C. 611, 617, 36 S.E.2d 17, 20 (1945). Courts may even supply a gift by implication "[i]f a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express or formal words." *First Charter Bank v. Am. Children's Home*, 203 N.C. App. 574, 587, 692 S.E.2d 457, 467 (2010) (quotation marks and citation omitted) (alteration in original).

Moreover, there is a general presumption that a testator did not intend to die intestate as to any part of his property, unless there is such an intent plainly and unequivocally expressed in the will. *McKinney v. Mosteller*, 321 N.C. 730, 732—33, 365 S.E.2d 612, 614 (1988). Furthermore, "the presumption against intestacy is strengthened by the presence of a residuary clause in a will." *Id.* at 732, 365 S.E.2d at 614; *see also Gordon*, 190 N.C. at 150, 129 S.E. at 189 ("In dealing with the residuary clause of a will which is ambiguous, it is required, by the general rule of construction, that a liberal, rather than a restricted, interpretation be placed upon its terms; for a partial intestacy may thereby be prevented, which, it is reasonable to suppose, the testator did not contemplate.").

Here, an application of the foregoing principles leads us to the conclusion that Ms. Halstead specifically intended to disinherit Petitioner and to devise her entire residuary estate in section B to Ms. Plymale.

First, Ms. Halstead states at the beginning of her will that "I specifically wish to disinherit and disqualify my estranged spounst [sic], KENNETH F. HALSTEAD for his misconduct toward me." Thus, the remainder of the will's provisions must be read in light of the fact that Ms. Halstead did not want Petitioner to share in her estate. Second, before the residuary clause appears in the will, Ms. Halstead effectively disposed of all her tangible personal property in section A of the will in favor of Ms. Plymale. Accordingly, her intent in subsection B(1) could not have been to re-gift the same property to the same person. Third, the introductory language of the residuary clause, section B, purports to dispose of all of Ms. Halstead's remaining real and personal property. Given this intent, the reference to "all such tangible personal property" in subsection B(1) is more aptly translated "all such property." *See Wing v. Wachovia Bank & Trust Co., N. A.*, 301 N.C. 456, 464, 272 S.E.2d 90, 96 (1980) ("When the language following an introductory phrase which purports to dispose of all of testator's property can be interpreted to result in complete disposition or partial intestacy, the introductory statement, pointing to a complete disposition, ought to be considered, and that sense adopted which will result in a disposition of the whole estate." (quotation marks and citation omitted)).

In summary, Ms. Halstead's intent as garnered from the four corners of the will was to specifically disinherit Petitioner, to avoid intestacy, and to pass her entire estate to Ms. Plymale. Furthermore, the reference to "tangible personal property" in subsection B(1) of the residuary clause was not intended to limit the contents of the residuary estate to tangible personal property. Accordingly, the proper interpretation of subsection B(1) is that Ms. Halstead intended to pass all of her residue, including all remaining real and personal property, to Ms. Plymale.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court finding that all of Ms. Halstead's tangible personal property, together with her entire residuary estate, were bequeathed and devised in their entirety to Ms. Plymale.

Affirmed.

Judges ERVIN and DAVIS concur.