IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1043

 Filed: 3 September 2019

Iredell County, No. 17 CVS 1941

BILLIE CRESS SHERRILL BRAWLEY, as Executrix of the Estate of Zoie S. Deaton
a/k/a Zoe Lee Spears Deaton, Plaintiff,
 v.
BOBBY VANCE SHERRILL, BRADLEY BRAWLEY, and REBECCA BRAWLEY
THOMPSON, Defendants.

 Appeal by defendant Rebecca Brawley Thompson from order entered 20 June

2018 by Judge Mark E. Klass in Iredell County Superior Court. Heard in the Court

of Appeals 13 March 2019.

 Homesley, Gaines, Dudley & Clodfelter, LLP, by T.C. Homesley, Jr., and
 Christina E. Clodfelter, for defendant-appellee Bobby Vance Sherrill.

 Jones, Childers, Donaldson & Webb, PLLC, by Mark L. Childers, for
 defendant-appellant Rebecca Brawley Thompson.

 No brief filed for plaintiff-appellee Billie Cress Sherrill Brawley as Executrix of
 the Estate of Zoie S. Deaton a/k/a Zoe Lee Spears Deaton.

 No brief filed for defendant-appellee Bradley Brawley.

 ZACHARY, Judge.

 This appeal concerns application of the Latin term “per stirpes,” which has been

employed as a term of art in wills and estates for more than a century in America and

adopted from English common law. A will may provide for the distribution of the

interest of a beneficiary who does not survive the testator. The use of the term per
 BRAWLEY V. SHERRILL

 Opinion of the Court

stirpes directs a specific manner of distribution to the survivors of the predeceased

beneficiary.

 On 20 June 2018, the trial court issued a declaratory judgment order

interpreting provisions of the testatrix’s will, pursuant to which the testatrix

conveyed her entire estate to her two children provided that, if either of them

predeceased her, that deceased child’s interest would be devised to “my

grandchildren, per stirpes.” Defendant-Appellant Rebecca Brawley Thompson

(“Rebecca”) argues on appeal that, because the will is clear and unambiguous, the

trial court erred in construing the testatrix’s intent as to this provision. After careful

review of the will and applicable law, we reverse.

 I. FACTUAL AND PROCEDURAL BACKGROUND

 On 30 April 1968, Zoie S. Deaton (“Testatrix”) executed her last written will

and testament, which provides, in relevant part:

 ITEM I: I give devise and bequeath all of my estate and
 property . . . to my children, Billie Cress Sherrill Brawley
 and Bobby Ray Sherrill, if they are living at the time of my
 demise, to be theirs absolutely and in fee simple, share and
 share alike.

 ITEM II: If either of my children shall predecease me, I
 direct that either his or her share shall go to my
 grandchildren, per stirpes.

 At the time of Testatrix’s death, her son Bobby Ray Sherrill (“Bobby Ray”) was

no longer living, but was survived by one child, Defendant-Appellee Bobby Vance

 -2-
 BRAWLEY V. SHERRILL

 Opinion of the Court

Sherrill (“Bobby Vance”). Testatrix’s daughter Billie Cress Sherrill Brawley (“Billie

Cress”) survived her, and her two children, Rebecca and Bradley Brawley (“Bradley”),

also survived Testatrix. In sum, at the time of her death, Testatrix had one living

child and three living grandchildren.

 Billie Cress was named executrix of the estate. She filed an action for

declaratory judgment, requesting that the trial court construe the terms of the will.

Specifically, Billie Cress asked the trial court to determine whether Bobby Ray’s

share under Item II of the will vested solely in his son, Bobby Vance, or in all three

of Testatrix’s grandchildren. The parties did not dispute Billie Cress’s share in the

estate.

 The trial court entered judgment determining1 that Testatrix’s intent under

Item II was to “create two branches for distribution purposes,” one branch going to

Billie Cress and the other to Bobby Ray. Consistent with this intent, the trial court

concluded that Bobby Ray’s one-half share in the estate vested solely in his son Bobby

Vance, to the exclusion of the other two grandchildren, Rebecca and Bradley.

 Rebecca appeals.

 II. ANALYSIS

 1 Although the trial court characterized this determination as a finding of fact, it is a conclusion
of law. See Halstead v. Plymale, 231 N.C. App. 253, 256, 750 S.E.2d 894, 897 (2013) (holding that the
trial court’s interpretation of a will based solely on its language is a conclusion of law).

 -3-
 BRAWLEY V. SHERRILL

 Opinion of the Court

 Rebecca argues that the trial court erroneously interpreted the will by

prematurely considering Testatrix’s intent, rather than first determining whether

the will itself was unequivocal on its face. Rebecca contends that the will

unambiguously directs that Bobby Ray’s one-half share be divided equally among all

of the grandchildren.

 A. Standard of Review

 “The interpretation of a will’s language is a matter of law. When the parties

place nothing before the court to prove the intention of the testator, other than the

will itself, they are simply disputing the interpretation of the language which is a

question of law.” Cummings v. Snyder, 91 N.C. App. 565, 568, 372 S.E.2d 724, 725

(1988) (citations omitted). We review questions of law de novo. Simmons v. Waddell,

241 N.C. App. 512, 526, 775 S.E.2d 661, 676 (2015).

 Here, the will was the only relevant evidence introduced at trial and the only

evidence included in the record on appeal, and the parties cite only the will’s language

in their respective arguments. As a result, we apply the de novo standard to the

entirety of this appeal.

 B. Intent and Interpretation

 It is an elementary rule in this jurisdiction that the
 intention of the testator is the polar star which is to guide
 in the interpretation of all wills, and, when ascertained,
 effect will be given to it unless it violates some rule of law,
 or is contrary to public policy. In attempting to determine
 the testator’s intention, the language used, and the sense

 -4-
 BRAWLEY V. SHERRILL

 Opinion of the Court

 in which it is used by the testator, is the primary source of
 information, as it is the expressed intention of the testator
 which is sought.

Pittman v. Thomas, 307 N.C. 485, 492, 299 S.E.2d 207, 211 (1983) (quotation marks

and citations omitted).

 The interpretation of any will is as simple, or complicated, as its language.

“Where the language employed by the testator is plain and its import is obvious, the

judicial chore is light work; for in such event, the words of the testator must be taken

to mean exactly what they say.” McCain v. Womble, 265 N.C. 640, 644, 144 S.E.2d

857, 860 (1965). Resort to canons of construction is warranted only when the

provisions of a will are set forth in unclear, equivocal, or ambiguous language.

Buchanan v. Buchanan, 207 N.C. App. 112, 116, 698 S.E.2d 485, 488 (2010).

 As recounted supra, Item I of the will bequeaths Testatrix’s estate to Billie

Cress and Bobby Ray, “if they are living at the time of [Testatrix’s] demise, to be

theirs absolutely and in fee simple, share and share alike.” Neither party disputes

that this devise, by its plain language, and consistent with North Carolina law,

provides for an equal per capita distribution to Testatrix’s children as individuals.

See, e.g., Wooten v. Outland, 226 N.C. 245, 248, 37 S.E.2d 682, 684 (1946) (“[W]hen

[beneficiaries] take directly under a bequest or devise as individuals and not in a

representative capacity, and the testator provides that the division or distribution

shall be in equal proportions, they take per capita.”).

 -5-
 BRAWLEY V. SHERRILL

 Opinion of the Court

 What the parties do dispute is the meaning of Item II’s language: “If either of

my children shall predecease me, I direct that either his or her share shall go to my

grandchildren, per stirpes.” Contrary to a per capita devise, a per stirpes distribution

“denotes the division of an estate by representation, a class taking the share to which

the deceased whom they represent would have been entitled had he been living.”

Wachovia Bank & Tr. Co. v. Bryant, 258 N.C. 482, 485, 128 S.E.2d 758, 761 (1963).

We conclude that our Supreme Court’s decision in Bryant controls, and compels a

reversal of the trial court’s interpretation of the will.

 The devise at issue in Bryant was as follows: “to my nephews and nieces, the

child or children of any deceased nephew and niece to receive the share the parent

would have taken, the said distribution to be per stirpes and not per capita.” Id. at

484, 128 S.E.2d at 761. The appellant contended that the last clause, which included

the per stirpes language, operated to modify the class of “nephews and nieces,” rather

than “the child or children of any deceased nephew and niece,” such that the nephews

and nieces, and not their issue, would take per stirpes according to the respective

representations of their fathers, that is, the testator’s unnamed siblings. Id. The

Supreme Court disagreed, holding that the testator had clearly “recognized the

nephews and nieces as the stirpes and not their fathers.” Id. at 485, 128 S.E.2d at 761

(emphasis added).

 The Court explained:

 -6-
 BRAWLEY V. SHERRILL

 Opinion of the Court

 Stirp or stirps means the root or trunk, a person from
 whom a branch of a family is descended. The term “per
 stirpes” denotes the division of an estate by representation,
 a class taking the share to which the deceased whom they
 represent would have been entitled had he been living.

 We think the last clause in the provision under
 consideration modifies the one immediately preceding
 it . . . . The testator’s gift was to a class, nephews and
 nieces. He made them the primary legatees after the life
 estate of his wife—not because they represented a
 particular brother of his but because they were his
 nephews and nieces. Not once did he refer to them as
 children of his deceased brothers . . . . No suggestion that
 they were to take according to stock or root immediately
 followed the designation of the nephews and nieces as
 beneficiaries. That direction followed the designation of
 those who would take if a nephew or niece died before the
 date for distribution.

Id. (citation omitted).

 In the instant case, the will provides that Testatrix’s children, Bobby Ray and

Billie Cress, would share equally in her estate. Item II then provides that “if either

of [her] children” should predecease Testatrix, “either his or her share shall go to my

grandchildren, per stirpes.” The class identified in Item II is quite explicitly “my

grandchildren,” and not “the issue of the predeceased beneficiary.” The addition of

the term “per stirpes” indicates that the share or shares of any predeceased

beneficiary shall then be distributed amongst the grandchildren by representation

 -7-
 BRAWLEY V. SHERRILL

 Opinion of the Court

“according to stock or root.”2 Id. In other words, the predeceased beneficiary’s share

must be distributed amongst all of Testatrix’s grandchildren, with the percentages

varying based not upon the total headcount of surviving grandchildren (per capita),

but upon the root from which the particular grandchild descends (per stirpes).

 Thus, the plain language of the will directs that Bobby Ray’s one-half share of

the estate must be distributed to the class of Testatrix’s grandchildren as follows:

 Bobby Vance: One-half of his father’s one-half share, or
 one-fourth of the estate.

 Rebecca and Bradley: The remaining one-half of their
 uncle’s one-half share, divided equally between the two of
 them, or a one-eighth share of the estate to each.

 That Testatrix intended such a distribution is evidenced by none other than

the clear and unambiguous language of Item II. See id. (“We think the intent of the

testator is clear from the will itself . . . .”). It is not the role of the courts to intervene

and change the plain language of a testamentary instrument simply because the

distribution provided for therein differs from that which is more commonly employed.

 III. CONCLUSION

 We hold that the trial court erred when it construed Testatrix’s intent as

anything other than that which is explicitly stated within the four corners of her will.

 2 This is as compared to a per capita distribution, under which the grandchildren “would share
equally.” Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4, reh’g denied, 350 N.C. 385, 536 S.E.2d
70 (1999).

 -8-
 BRAWLEY V. SHERRILL

 Opinion of the Court

Accordingly, we reverse its judgment and remand for entry of an order consistent

with this opinion.

 REVERSED AND REMANDED.

 Judge STROUD concurs.

 Judge INMAN dissents by separate opinion.

 -9-
 No. COA18-1043 – Brawley v. Sherrill

 INMAN, Judge, dissenting.

 Because I disagree with the majority’s interpretation of the per stirpital

distribution scheme contained in Testatrix’s will, I respectfully dissent.

 When a will contains legal or technical words or phrases, we “presume[] that

[the testatrix] used them in their well-known legal or technical sense unless, in some

appropriate way in the instrument, [she] indicates otherwise.” Wachovia Bank & Tr.

Co. v. Livengood, 306 N.C. 550, 552, 294 S.E.2d 319, 320 (1982).

 The term per stirpes, fundamentally, describes how a gift to a class is to be

distributed among the class members, with each surviving member of the class taking

the share that would have passed to any ancestral predecessor that also fell within

the class. Wachovia Bank & Tr. Co. v. Bryant, 258 N.C. 482, 485, 128 S.E.2d 758,

761 (1963); see also Walsh v. Friedman, 219 N.C. 151, 161-62, 13 S.E.2d 250, 256

(1941) (defining “per stirpes” as “that method of dividing an intestate estate where a

class or group of distributees take the share which their deceased would have been

entitled to, taking thus by their right of representing such ancestor, and not as so

many individuals” (emphasis added) (citation and quotation marks omitted)); Black’s

Law Dictionary (11th ed. 2019) (defining “per stirpes” as “[p]roportionately divided

between beneficiaries according to their deceased ancestor’s share” (emphasis added)).

Quoting with approval an opinion by the South Carolina Supreme Court, our
 BRAWLEY V. SHERRILL

 INMAN, J., dissenting

Supreme Court in Walsh explained that the term “per stirpes” “ ‘as employed in our

law relates to the mode of distribution—not who shall take, but the manner in which

those shall take who come within the class entitled to take.’ ” 219 N.C. at 161, 13

S.E.2d at 255-56 (emphasis added) (quoting Irvin v. Brown, 160 S.C. 374, 378, 158

S.E. 733, 734 (1931)).

 Testatrix’s will instructs that, if either of her children predecease her, her

grandchildren shall take per stirpes, i.e., only by representation through their

respective deceased parent. This interpretation is consistent with the Restatement

Third of Property, which provides:

 If, for example, a gift is made to the “grandchildren” or to
 the “nieces and nephews” of a designated person “per
 stirpes,” the described class members might stem from
 different children or different siblings of the designated
 person. In such case, the words “per stirpes” suggest an
 initial division of the property into shares at the generation
 above the generation of the class members, with one share
 going to the children of each child or of each sibling. In this
 situation, . . . the words “per stirpes” also cause the share
 of a deceased class member to be divided by representation
 among his or her descendants.

Restatement (Third) of Prop. (Wills & Donative Transfers) § 14.2 cmt. h (2011).

 The majority asserts that by devising the share of any of her deceased children

“to my grandchildren”—rather than “to the child of any deceased child” or other more

precise description—the Testatrix indicated her intent for all of her grandchildren to

take from the deceased child, with each grandchild’s percentage interest calculated

according to each grandchild’s root or parent. The majority’s analysis means that

 2
 BRAWLEY V. SHERRILL

 INMAN, J., dissenting

Rebecca and Bradley—whose mother, Billie Cress, is still living—take from Bobby

Ray, their deceased uncle. The analysis modifies a per stirpes devise in a manner

that has never before been contemplated.

 While Testatrix’s lack of precise language created a chore for counsel, the trial

court, and this Court, that imprecision cannot negate the plain meaning of the term

“per stirpes” used to describe the method of distribution among the class members.

No one disputes that Rebecca and Bradley are part of the class of grandchildren

described in the will and can potentially benefit from the will’s devise. But, because

Billie Cress, unlike Bobby Ray, was still alive at the time of Testatrix’s death, the

condition for the manner in which Rebecca and Bradley take from the will did not

occur. To put it differently, had Billie Cress predeceased Testatrix instead of Bobby

Ray, Bobby Vance would not be able to take from Billie Cress’ share because Billie

Cress is not the “stock or root” of Bobby Vance.

 Accordingly, consistent with the historical administration of the term “per

stirpes,” Rebecca and Bradley, whose root is Billie Cress and not Bobby Ray, should

not be entitled to take of the will’s devise to the deceased Bobby Ray, while Bobby

Ray’s son, Bobby Vance, should be entitled to all of his father’s share. The majority’s

holding—allowing Rebecca and Bradley to be co-representatives along with Bobby

Vance—conflicts with our jurisprudence’s implementation of a per stirpes devise. By

allowing Rebecca and Bradley to take from their uncle, the majority has extended

and modified an otherwise basic per stirpes distribution to allow certain members of

 3
 BRAWLEY V. SHERRILL

 INMAN, J., dissenting

a class, whose root did not predecease the testatrix, to take as representatives

through an indirect ancestor absent clear intent from the will.

 I therefore respectfully dissent.

 4